Billy Ray HARRIS, Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.

No. 23726.

United States Court of Appeals
Fifth Circuit.

Oct. 24, 1966.

Lonny F. Zwiener, Asst. Atty. Gen. of Texas, Waggoner Carr, Atty. Gen. of Texas, Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., Howard M. Fender, Asst. Atty. Gen., Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., for appellee.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

PER CURIAM:

The appellant was convicted of robbery in the Texas state courts. In his petition for federal habeas corpus, Harris attacked his conviction on numerous grounds, including the illegality of his arrest and subsequent detention, the denial of counsel during interrogation, and the coercion of his confession. The district court held an evidentiary hearing as required by Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. The district judge made detailed findings of fact which show that Harris's arrest was not illegal, and that he did not request counsel during his interrogation. Since his trial took place before the decisions in Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, failure of the police to inform Harris of his right to counsel during interrogation does not support his claim to a writ of habeas corpus. Johnson v. State of New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

The only serious contention which remains is that the appellant's confession was involuntary. Although Har-

ris does not allege any physical coercion, he does claim that the police threatened to add a recidivism charge, which would have resulted in a life sentence, unless he confessed. The deal which Harris alleges the police offered apparently was that if the appellant would sign a confession, he would be prosecuted on the single robbery charge only, but if he refused to confess, and thereby forced the prosecution to base its case on other evidence, the authorities would press for indictment on the recidivist statute as well as for the robbery. Coercion of a confession can result from psychological as well as physical pressure. Haynes v. State of Washington, 1963, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513. And a promise of leniency or threat of additional prosecutions may constitute psychological coercion. Machibroda v. United States, 1962, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473. Although *Machibroda* involved a guilty plea and the Supreme Court there stated that "A plea of guilty differs in purpose from a mere admission or an extra-judicial confession * * * ",[1] we think that a confession obtained by these means might well be involuntary and therefore inadmissible under *Haynes*. By its very nature a full confession has overwhelming weight in the eyes of a jury. In practice there is little difference in certainty or result between the case in which the prosecution has secured a guilty plea and the case in which it comes to court armed with a full confession. It would take very little sophistication, and would create very little risk of acquittal, for the prosecution to shift from the illicit *Machibroda* guilty plea deal to the equally odious confession deal alleged in this case.

Harris testified at the evidentiary hearing in the district court that police officers "threatened me with the habitual criminal law". The state introduced no evidence directly contradicting Harris's testimony, but relied primarily on the affidavit of Harris's trial lawyer, which recites that the appellant told the lawyer his confession was voluntary. This prior inconsistent statement, the state argued in the district court, demonstrated that the appellant's testimony was false.

■■ The district judge did not resolve the question of fact whether the police made the threats and promises alleged, and if they did, whether the threats caused Harris to confess. His only findings relative to this allegation were that Harris told his lawyer the confession was voluntary, and that the confession was voluntary. Such a general finding will not support a denial of habeas corpus. The basic rationale underlying Townsend v. Sain, supra, demands that a federal court make rather detailed factual findings concerning each of a petitioner's substantial allegations. Without such findings, it is impossible for this Court to determine whether habeas corpus has been properly denied. We therefore vacate the judgment of the district court and remand the case for a finding on this point.[2] We do not, of course, intimate any view on the ultimate factual resolution. The district judge, who has the benefit of actually hearing the testimony, is in a far better position than we to ascertain the truth. We further conclude that the district court may make its finding on the present record. Since the appellant had the opportunity to litigate this issue at the original hearing, and did in fact litigate it there, no further hearing is required. In its discretion, the district court may hold a further hearing if it deems such proceedings necessary.

The judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion.

1. 368 U.S. at 493, 82 S.Ct. at 513.

2. We do not reach the question whether the appellant's decision, reached with the assistance of court-appointed counsel, not to object to the introduction of his confession at trial constituted a waiver of his objection, cf. Williams v. Beto, 5 Cir. 1965, 354 F.2d 698; Rhay v. Browder, 9 Cir. 1965, 342 F.2d 345, or an adequate, independent state ground of decision. See Henry v. State of Mississippi, 1965, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408.