532

**Billy Ray HARRIS, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 65–H–155.**

United States District Court
S. D. Texas,
Houston Division.

Jan. 17, 1967.

James Greenwood III, Houston, Tex., for petitioner.

Howard Fender, Asst. Atty. Gen. of Tex., Austin, Tex., for respondent.

INGRAHAM, District Judge.

*Memorandum:*

Billy Ray Harris, a prisoner in state custody, filed a petition for the writ of habeas corpus in this court. Leave was given to proceed in forma pauperis, and an attorney was appointed to represent him. After a full plenary hearing, this court denied the petition, and petitioner appealed. The Fifth Circuit Court of Appeals has remanded the case to this court to make additional findings of fact. Harris v. Beto, 5 Cir., 367 F.2d 567 (1966).

Petitioner was convicted by a jury in the Criminal District Court No. 2 of Dallas County, Texas, after a plea of not guilty. His conviction was for robbery, and he was sentenced to thirty years imprisonment in September of 1963.

Part of the evidence used to convict petitioner was a confession which was admitted at his trial. Petitioner's claim is that the confession was coerced and involuntary, and that its admission into evidence violated his federal constitutional rights. He alleged that:

1. He was arrested illegally.

2. He was not taken before a magistrate.

3. He was threatened with the habitual criminal statute unless he confessed.

4. He was not advised of his right to counsel.

5. He was not advised of his right to remain silent.

6. He asked to use the telephone and was refused permission to do so.

This court entered findings of fact and conclusions of law after the hearing. This court made the general finding that the confession was voluntarily given and not obtained in violation of any of his rights or privileges under the federal Constitution. This court made specific findings of fact that the arrest was legal (#1), that petitioner did not ask to use the telephone (#6), and that he was warned of his right to remain silent (#5). No specific findings were made

as to whether petitioner was taken before a magistrate (#2),[1] whether he was advised of his right to counsel (#4),[2] or whether he was threatened with prosecution under the habitual criminal law (#3).[3] The Fifth Circuit vacated because no specific findings were made as to the alleged threats and remanded to this court to make such findings.[4]

The Fifth Circuit noted in a footnote that:

> "We do not reach the question whether the appellant's decision, reached with the assistance of court-appointed counsel, not to object to the introduction of his confession at trial constituted a waiver of his objection." Harris v. Beto, supra, at 568.

This court found when the confession was offered into evidence, petitioner and his court-appointed counsel conferred in private. Petitioner told Lawrence R. Green, the experienced criminal lawyer appointed to represent him, that the statement was voluntary. After the conference, they made no objection to the admission of the confession into evidence.

■■ If this court believed any of petitioner's story concerning his confession, it would not hesitate to hold that any objections were waived. Jurisdiction over most criminal matters is vested in the state courts and not in federal trial or appellate courts. Habeas corpus proceedings in federal courts exist solely to enforce the federal constitutional rights of persons in custody. This does not mean, however, that only federal courts enforce federal constitutional rights. State courts also enforce them. The time to question the constitutionality of a confession is when it is offered in evidence, not years later in a habeas corpus proceeding. Either there must be some justifying circumstances or the concept of waiver loses all significance and no defendant need ever raise his constitutional claims until he gets to federal court (and in state collateral proceedings necessary to exhaust state remedies, 28 U.S.C.A. § 2254). The record in this case reveals no hint of justifying or extenuating circumstances.

■ This court finds as a fact that no police officer attempted to induce petitioner to confess by threatening prosecution under the habitual criminal statute and that no such dealings induced petitioner to confess.

The Fifth Circuit indicated that this court could hold an additional hearing or decide the fact question on the present record. No further hearing is required. The basis of the allegation is petitioner's testimony before this court. This court does not consider the testimony worthy of belief and rejects it as false.

In the original findings of fact, this court rejected petitioner's testimony that he was not advised of his right to remain silent and that he asked to use the telephone and was refused permission.

---

1. There is no such constitutional right. Collins v. Beto, 245 F.Supp. 639 (S.D. Tex.1965); Dillard v. Bomar, 342 F.2d 789, 790–791 (6 C.A.1965), cert. denied, 382 U.S. 883, 86 S.Ct. 176, 15 L.Ed.2d 123.

2. Petitioner's trial was before the date of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), at which time no warning was required. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

3. This court was and is unaware of any authority suggesting that such threats would render a *confession* involuntary. The leading case of Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L. Ed.2d 473 (1962), is quite clear that such threats may render a *guilty plea* involuntary precisely because a guilty plea is very different from a confession.

4. The Fifth Circuit expressed a desire to extend the law concerning guilty pleas into the confession area:

> "Although Machibroda involved a guilty plea and the Supreme Court there stated that 'A plea of guilty differs in purpose from a mere admission or an extrajudicial confession' * * *. In practice there is little difference in certainty or result between the case in which the prosecution has secured a guilty plea and the case in which it comes to court armed with a full confession." Harris v. Beto, supra, at 568.

These charges were levelled at an Officer Ellis; it is also Ellis who allegedly threatened petitioner with the habitual criminal statute. Officer Ellis is now dead.

The reason petitioner did not tell his attorney of these things at his trial is that none of them happened. Petitioner dreamed them up while in custody and then attempted to pin them on a dead man.

This court amends its findings of fact to include the finding that the police did not make the threats and promises alleged and that petitioner's voluntary confession was not induced in any way by such alleged threats.

The clerk will notify counsel to draft and submit judgment accordingly.