Bentura FLORES, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 77–2558.

United States Court of Appeals, Fifth Circuit.

Aug. 8, 1978.

Rehearing Denied Oct. 25, 1978.

Robert N. Udashen, Staff Counsel for Inmates, Huntsville, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Austin, Tex., W. Barton Boling, Asst. Atty. Gen., El Paso County, El Paso, Tex., Joe B. Dibrell, David M. Kendall, Jr., Gilbert Pena, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, THORNBERRY and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Petitioner, a prisoner who pleaded guilty to a state offense, seeks post-conviction relief under 28 U.S.C. § 2254 asserting that his plea was involuntary and was induced by the state judge's participation in plea bargaining and by other improper pressures on him.

In 1970, petitioner was indicted in Texas for three separate felonies: two for sale of heroin and one for theft. He was tried on one of the heroin charges, convicted, and sentenced to 1800 years in prison. The conviction was reversed by the Texas Court of Criminal Appeals for failure to grant a change of venue. In 1973, the petitioner, still represented by the same retained counsel, pleaded guilty to all three charges and was sentenced to 60 years confinement on each heroin charge and 10 years confinement on the theft charge, all to run concurrently. One year later, he filed an application for a writ of habeas corpus in state court asserting that the pleas were coerced and involuntary. Counsel was appointed to represent him, and an evidentiary hearing was held. Thereafter, the state judge, without making any written findings of fact, denied the writ because "the grounds alleged . . . even if taken as true, would afford no basis for relief." Petitioner then sought federal relief; the trial court reviewed the record of the state proceeding, then denied the petition without holding its own evidentiary hearing.

## I. Factual Background

In the state hearing, petitioner showed that, after the first conviction was reversed, the district attorney was quoted (correctly) in the newspapers as having said that he looked forward to a second trial: "Maybe we can get him 20,000 years." In addition, petitioner's sister testified that the state judge advised her that petitioner should plead guilty in return for the 60-year plea bargain because, if he didn't, he "would" get consecutive life sentences. She further quoted him as saying that the petitioner was nothing but a thief and testified that she repeated her interpretation of the entire conversation to the petitioner in September, 1973.[1] Finally, the petitioner said he relied on the representation of an inves-

tigator employed by the district attorney that, if given a sixty-year sentence, he would become eligible for parole in eight years.

Thereafter, at the arraignment during which the guilty plea was entered, petitioner's counsel set out to explain the parole discussion; the state judge promptly cut this off by saying that he had "nothing to do" with whether a defendant "is eligible for parole or not." The district attorney also advised petitioner "we can't promise that." The court conducted the interrogation and made the explanations required by *Boykin v. Alabama,* 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, then accepted the plea. Immediately thereafter, in open court, the district attorney stated the sentence bargain (sixty years on each heroin charge and ten years on the theft charge with all sentences running concurrently) and added, "We have not guaranteed or have not discussed parole and have not given any indication in our plea bargaining as to when he will get out." Neither petitioner nor his counsel expressed any disagreement with the statement.

## II. Necessity of a Federal Evidentiary Hearing

 A guilty plea is invalid unless it is "intelligent and voluntary" on the defendant's part. *Boykin v. Alabama, supra,* 395 U.S. at 242, 89 S.Ct. at 1711, 23 L.Ed.2d at 279. A coerced plea is not a voluntary plea, and coercion can result from psychological as well as physical pressure. *Harris v. Beto,* 5 Cir. 1966, 367 F.2d 567.

 In determining the voluntariness of a plea, the federal court may consider the record of a state court habeas proceeding. *McChesney v. Henderson,* 5 Cir. 1973, 482 F.2d 1101, and cases cited therein; *Nobles v. Beto,* 5 Cir. 1971, 439 F.2d 1001 (where the state court also made findings of fact).

---

1. The judge denied saying much of what was attributed to him but admitted that he had advised the sister that the offer was "a good deal" because, if the defendant did not accept it, he might be charged under the Texas Multiple Offender Statute: "the enhanced, the big

bitch type thing," to quote the judge's words. He also admitted saying to her that the defendant's testimony at the punishment stage of the prior trial (that he had never held a job and had supported himself by shoplifting) had made an unfavorable impression on the jury.

*Townsend v. Sain,* 1963, 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770, 785, holds that, upon application for habeas corpus, a federal court always has "the power to receive evidence and try the facts anew," but exercise of that power is not required in every case. The opinion sets forth five situations in which the federal court *must* grant an evidentiary hearing on a habeas application, plus a sixth omnibus classification: when "for any reason it appears the state trier of fact did not afford the habeas applicant a full and fair fact hearing." *Id.* at 313, 83 S.Ct. at 757, 9 L.Ed.2d at 786.

Here, the state court held a full and fair evidentiary hearing but did not make findings of fact. *Townsend v. Sain, supra,* however, contemplates such a situation, 372 U.S. at 314, 83 S.Ct. at 757, 9 L.Ed.2d at 786: "Thus, if no express findings of fact have been made by the state court, the District Court must initially determine whether the state court has impliedly found material facts."

> If the state court has decided the merits of the claim but has made no express findings, it may still be possible for the District Court to reconstruct the findings of the state trier of fact, either because his view of the facts is plain from his opinion or because of other indicia. In some cases this will be impossible, and the Federal District Court will be compelled to hold a hearing.

372 U.S. at 314, 83 S.Ct. at 758, 9 L.Ed.2d at 786.

■ The district court properly did not undertake to determine whether the state court had impliedly found the material facts because the statement of the trial judge in denying relief would not support any such implication. Instead, that court, relying on the transcript of the state court hearing, chose to make its own independent findings; it stated that it resolved credibility questions in petitioner's favor and then ruled adversely to him. This is a situation not expressly contemplated by *Townsend v. Sain, supra,* which poses only two alternatives. Nevertheless, it fits within the beacon of that lodestar: a federal evidentiary

hearing is not essential if a full and fair state hearing has been held and it is possible for the federal judge properly to adjudicate the case without repeating the process.

Here the federal judge held that, in view of the colloquy in open court, the plea was entered "without regard to question of parole;" the effect of the earlier newspaper statement by the district attorney was, even if prejudicial, dissipated, and all coercion was denied at the arraignment; and because of the lapse of time, intervening events, and the petitioner's own testimony, the effect of the state judge's conversation with petitioner's sister was so attenuated in the 19 days that elapsed thereafter "as to dissipate [any] taint."

■ Of course, the defendant's recitals on the record at the time he entered his guilty pleas do not foreclose proof at a later time that those were themselves involuntary. *Fontaine v. United States,* 1973, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169; *Blackledge v. Allison,* 1977, 431 U.S. 63, 74 n. 4, 97 S.Ct. 1621, 1629 n. 4, 52 L.Ed.2d 136, 147 n. 4; *Santobello v. New York,* 1971, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427. The prior cases are discussed and their holdings amplified in *Blackledge v. Allison, supra.* The defendant was, however, given an opportunity to develop the evidence on this issue at the state habeas proceeding. That evidence must be considered, but it is a non sequitur to conclude that another opportunity to adduce evidence on the same issue at the federal habeas trial is indispensable.

### III. The Substantive Issues

#### A. The "Promise" that Petitioner Would Serve only Eight Years

■ The federal district judge assumed that a promise of parole had been made to the petitioner. He found that the promise did not induce the guilty pleas because, before the pleas were accepted, the state trial judge and the district attorney eliminated any such inducement by clarifying that the plea bargain was for sixty years, the court had nothing to do with eligibility for parole, and the state could not promise

parole. Later the court repeated an admonition concerning parole, the text of which is set forth below.[2] The finding of the federal judge that the representations with respect to parole previously made to the defendant did not induce his guilty pleas, persisted in after his colloquy with the state judge, is amply supported by the record.

The only evidence to the contrary is Flores' assertion, at the habeas hearing, that it did. The federal judge did not see Flores or have a chance personally to assess his credibility. It determined, instead, that, "viewed against the record of the plea hearing," this testimony was "palpably incredible." It is difficult to see how this involved a question of witness credibility; this was not a personal assessment of Flores' present demeanor, but an evaluation that, however credible he appears to be, the record demonstrates the testimony to be untrustworthy.

There was no contradictory testimony by the witnesses of a kind that made the outcome dependent on which the judge believed. No purpose could be served by requiring the district judge to hear Flores anew and then to reach the same conclusion.

In contrast to the situation in *Blackledge v. Allison*, 1977, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136, where a federal evidentiary hearing was required to determine whether a guilty plea in state proceedings had been voluntary, there was a full record of the guilty plea proceedings and a full record of the habeas proceedings. We note the observation in *Blackledge, supra,* note 19:

> Indeed, a petitioner challenging a plea given pursuant to procedures [whereby the defendant is advised of the legitimacy of plea bargaining and the guilty plea hearing is transcribed] will necessarily by [sic] asserting that not only his own transcribed responses, but those given by two lawyers, were untruthful. Especially as it becomes routine for prosecutors and defense lawyers to acknowledge that plea bargains have been made, such a contention will entitle a petitioner to an evidentiary hearing only in the most extraordinary circumstances.

Of course, a defendant's denial in entering a guilty plea that undisclosed promises or inducements have been made to him does not foreclose further inquiry into the truthfulness of these recitals. *United States v. Henderson*, 9 Cir. 1977, 565 F.2d 1119. *See also* Note, Rule 11 and Collateral Attack on Guilty Pleas, 86 Yale L.J. 1395 (1977). The question here does not relate to undisclosed promises; the state judge accepting the plea made it clear that Flores could not rely on any such promises.

### B. *The Prosecutor's Threats*

The threatening statement of the prosecutor was made to the press six months before the guilty pleas were entered. In the interim, the petitioner had ample time to, and did, in fact, consult with counsel. Thereafter, he assured the state trial court that his pleas were not influenced by "any consideration or fear . . . [or] anything like that . . . ." The state habeas judge concluded that the statement did not warrant relief; the federal habeas judge assumed it had been made but concluded that it could not have had the effect of coercing the plea; indeed, he considered the argument "patently frivolous".

THE COURT: Do you understand that, Mr. Flores?
MR. FLORES: Yes, sir.
THE COURT: That is not any part of the plea bargaining so far as the District Attorney is concerned and is certainly not any part of your guilty plea and my assessment of the punishment. Do you understand that?
MR. FLORES: Yes, sir.

---

2. THE COURT: With that in mind and you understand, Mr. Clarkson and Mr. Flores, that whatever Mr. Clarkson may have told you insofar as when you are eligible for parole and so forth is not a part of this up here, can't affect it one way or the other. I sentence you and it is up to the Board of Pardons and Paroles and Governor of the State of Texas as to when you get out. Do you understand that?
MR. CLARKSON: We understand that, your Honor.

"[A] guilty plea is not rendered invalid because it . . . is motivated by fear of greater punishment." *United States v. Sepe*, 5 Cir. 1973, 474 F.2d 784, 788; *Matthews v. United States*, 5 Cir. 1978, 569 F.2d 941. The finding of the federal trial judge, based on the evidentiary hearing in state court, that, six intervening months having elapsed, whatever residual effect the newspaper interview had on the petitioner was so attenuated that his plea was not coerced by it is amply supported by the record.

### C. The State Judge's Conference with the Petitioner's Sister

While the state judge denied making certain statements to the petitioner's sister, even those he admitted making were improper under the ABA standards. *See* ABA Standards Relating to Pleas of Guilty, § 3.3.[3] However, a state judge's participation in plea bargaining does not per se violate any federal constitutional provision. *See Brown v. Peyton*, 4 Cir. 1970, 435 F.2d 1352, *cert. denied*, 1972, 406 U.S. 931, 92 S.Ct. 1785, 32 L.Ed.2d 133; *United States ex rel. Robinson v. Housewright*, 7 Cir. 1975, 525 F.2d 988, in which the court suggested that a judge is not constitutionally prohibited from initiating plea bargaining. The federal court assumed arguendo that the sister's rendition of the conversation was correct. Therefore, neither the content of the judge's statements nor the account made to the petitioner by his sister were considered in dispute.

However, at the state habeas hearing, it was shown that the judge had spoken to Mr. Flores' sister on September 16, 1973. The petitioner testified that his sister told him of the conversation in late September, yet this did not cause him to decide to plead guilty. He testified specifically that only at a later time, October 9, 1973, did he decide to enter the plea and this was the result of what he had been told about parole.

Thus, to reconstruct the case from Mr. Flores' testimony: his sister told him of the judge's conversation; this did not cause him to plead guilty; later, a state investigator told him he would be eligible for parole in eight years; this changed his mind (he did not advert to any lingering effect of the judge's conversation). As we have already seen, thereafter, the effect of this promise was removed by the occurrences at his re-arraignment. Under these circumstances, the trial court's finding that the effect of the judge's remarks was "so attenuated as to dissipate [the] taint" was neither in error nor clearly so. *Nardone v. United States*, 1939, 308 U.S. 338, 341, 60 S.Ct. 266, 268, 84 L.Ed. 307, 312; *Wong Sun v. United States*, 1963, 371 U.S. 471, 491, 83 S.Ct. 407, 419, 9 L.Ed.2d 441, 457, quoted with approval in *Parker v. North Carolina*, 1970, 397 U.S. 790, 796, 90 S.Ct. 1458, 1462, 25 L.Ed.2d 785, 791.

At the time it was made, the guilty plea was Flores' "free and voluntary act, the product of his own choice, just as he affirmed it was when the plea was entered in open court."[4] *Parker v. North Carolina, op. cit. supra.*

For these reasons, the decision appealed from is AFFIRMED.

---

**3.** In *Brady v. United States*, 1970, 397 U.S. 742, 751 n. 8, 90 S.Ct. 1463, 1470 n. 8, 25 L.Ed.2d 747, the court said:

> We here make no reference to the situation where the prosecutor or judge, or both, deliberately employ their charging and sentencing powers to induce a particular defendant to tender a plea of guilty.

*Compare Bordenkircher v. Hayes*, 1978, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604.

**4.** The petitioner had been previously convicted of four felonies, and there were other felony charges pending against him.