[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In an amended petition containing four counts, the petitioner has alleged that his plea of guilty to one count of Sexual Assault in the First Degree on January 5, 1989 was not knowingly, intelligently and voluntarily made because: (a) his attorney misinformed him about the sentence; and (b) his lawyer failed to apprise him of exculpatory information that was developed in the course of the investigation of the case. Petitioner also claims that he was deprived of effective and competent counsel because his attorney failed to properly identify exculpatory evidence, failed to inform petitioner about same and failed to inform him in full of the sentence agreed upon. Finally, the petitioner asserts that he received ineffective assistance from his attorney because his counsel did not request disqualification of the sentencing judge nor did he assist the petitioner in prosecuting the motion to withdraw the plea of guilty.
In a habeas corpus action the petitioner has the burden of proving the underlying facts by a fair preponderance of the evidence. Arey v. Warden, 187 Conn. 324 (1982). In this case the petitioner has failed to meet his burden of proof.
The petitioner and his attorney were into the third day of jury selection when the plea bargain was struck. The sentencing judge (Arena, J.) was instrumental in procurring the plea bargain. He indicated that in exchange for petitioner's plea of guilty to the First Count charging him with Sexual Assault in the First Degree,[1] he would impose a sentence of ten years, execution suspended after five years and four years probation. Judge Arena also indicated that he would allow defense counsel to argue for a lesser sentence to which he might be favorably disposed if the victim's attitude CT Page 944 might allow. Petitioner testified that the first time that he heard about anything more than a flat five-year sentence was during the plea canvass. He asserts that he was so surprised and so nervous that he did not tell the canvassing judge that he was misinformed. The petitioner's testimony is not credible, and he has failed to sustain his burden of proof on that issue.
A private investigator was employed by counsel. He interviewed a woman who lived in an apartment directly below the defendant's. Her written statement recited that she heard no unusual noise emanating from the defendant's apartment on any evening of the month in which petitioner was alleged to have committed the crime. Her statement was neither specific as to date(s) nor time(s). Counsel deemed that it did not contain any information that could affirmatively assist the defense; that the statement, at best, was equivocal and that the witness, if called, might be more harmful than helpful to the defense. He therefore made a tactical decision not to call the witness and, as a result, he did not order follow-up investigation of her statement. The evidence at the habeas corpus hearing disclosed that counsel discussed the statement with the petitioner on more than one occasion. Counsel's conduct with regard to the investigation of the case and the particular witness in question was reasonable and did not fall below the standards of competence of criminal defense attorneys generally. See State v. Talton, 197 Conn. 280, 297-298 (1985).
The next claim is that Judge Arena should have been disqualified from sentencing the accused because he had knowledge of the facts associated with two other alleged sexual assaults involving the petitioner which had been nolled. In addition, Judge Arena knew that the petitioner's brother had been sentenced to sixteen years in prison after being found guilty of sexual assault.
The case of State v. Huey, 199 Conn. 121 (1986) is dispositive of the issue of Judge Arena's participation. Among the matters which a sentencing judge may consider is information which would be inadmissible for determining guilt and "evidence of counts of an indictment which has been dismissed by the government." Huey at 126. "The trial court in imposing a sentence is not limited to a consideration of the count to which the defendant pleaded guilty." Huey at 127.
In short, Judge Arena had every right to consider the charges which had been nolled. Judge Arena was instrumental in effectuating the bargain that was struck by the state and CT Page 945 the defense. Judge Schaller, while canvassing the plea, made petitioner fully aware of the fact that Arena put together the deal and that Arena would be the sentencing judge.
 The prohibition against trial judges' participating in plea negotiations is not, in itself, a matter of constitutional law; Flores v. Estelle, 578 F.2d 80, 85 (5th Cir. 1978), cert. denied, 440 U.S. 923, 99 S.Ct. 1253, 59 L.Ed.2d 477 (1979); provided that the plea is not judicially coerced and remains voluntary. Id. The available record does not show that the participation of Judge Arena, who was not the trial judge in this case but the presiding judge who supervised plea bargains, in the plea bargain resulted in a judicially coerced or otherwise involuntary plea. Accordingly, this unpreserved claim is not of constitutional proportion and will not be reviewed further. State v. Golding, 213 Conn. 233, 239-40, 567 A.2d 823 (1989).
State v. Safford, 22 Conn. App. 531, 537-538 (1990). Petitioner's own witness in the habeas corpus hearing, Attorney William Bloss, indicated that he might not have moved to disqualify Judge Arena.
The final claim for this Court's consideration relates to trial counsel's failure to support Mr. Safford's attempts to withdraw his plea of guilty. The Appellate Court has already determined this claim.
 The record of the plea canvass supports the denial of the motion to withdraw. The agreed upon sentence, which Judge Arena ultimately imposed, was discussed and the defendant's understanding of it ascertained. The canvass was thorough and presented the defendant with numerous opportunities to clarify anything he did not understand, or to vent any concerns he may have had regarding the victim's family's legal connections. The court plainly told the defendant that he would not be able to change his plea again as of right once it was accepted by the court. The defendant's silence at the canvass regarding his claimed confusion and concern over the legal connections of the victim's family supports the sentencing court's conclusion that these grounds were meritless, in that they did not bear on the defendant's decision to plead guilty. We affirm the sentencing court's denial of the motion to withdraw the plea.
CT Page 946
State v. Safford, Supra. at 536-537.
The petition for habeas corpus relief is dismissed.
SCHEINBLUM, J.