**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3332
_____

CHRISTOPHER ANDRE DEVINE,
Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; ATTORNEY GENERAL
PENNSYLVANIA; DISTRICT ATTORNEY PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:20-cv-02812)
U.S. District Judge: Honorable John M. Younge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 1, 2025
_____

Before: SHWARTZ, MATEY, and FISHER, <u>Circuit Judges</u>.
(Filed: October 3, 2025)
_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

Christopher Andre Devine appeals the District Court's order dismissing his federal

habeas corpus petition. For the reasons set forth herein, we will affirm.

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

I

Devine was charged in four consolidated cases in Pennsylvania arising from his abuse of his daughters. After jury selection and before trial, the trial judge recounted that there had been ongoing plea negotiations, and that the Commonwealth had offered Devine a plea of 20 to 40 years' imprisonment. The judge informed Devine, then 34 years old, that he would accept an open plea for 10 to 20 years' incarceration followed by 14 years' probation, which would run consecutive to a separate federal fraud sentence. The judge also told Devine:

> [Your case is] not for me to decide, it's for the jury. I'm not prejudging the case, but I want to make sure that you're aware that should things not go your way in this matter and if you're found guilty of all four cases that you're charged with, based upon the guidelines alone and the seriousness of the crimes, it's pretty much certain that you'll never be eligible for parole in your natural lifetime.

App. 144. The judge added that if Devine lost all four cases at trial, he faced "40 to 80 years at a minimum because of the mandatory minimum[]" sentences. App. 144.

Devine and the judge then had the following exchange:

**THE COURT:** [The 10 to 20 years plea is] the best you're going to do. Given the nature of the crime, and I'm not judging it, but given the nature of the facts that were explained to me even briefly, that's as good as it's going to get in this room, and if things do not go your way and they are able to prove the charges against you, I can guarantee you're never going to get out in your natural lifetime . . . . I just want to make sure you're aware of that.

**[DEVINE]:** I'm aware of it . . . .

**THE COURT:** . . . [T]his is your decision and not [your counsel's] because if things don't go your way, you're the one that's going to serve time, not him. Is it your decision to go forward?

2

**[DEVINE]:** Yes.

**THE COURT:** Fair enough. We are going to go forward. All deals are now off. At this point once that [jury] walks into the room the best you can do is 40 to 80 years.

App. 144-45.

Shortly thereafter, the judge heard argument and granted the Commonwealth's motion to introduce other bad acts evidence, and afterwards, he asked Devine if the ruling changed his mind about the plea. Devine requested two minutes to decide, and the judge gave him until after an hour-long lunch break. After this break, Devine asked why his state and federal sentences could not run concurrently and the judge explained that concurrent sentences would mean "really no punishment" for his state charges. App. 149. Devine also asked if his probation could be extended, which the judge declined. The judge explained:

> The offer on the table right now, it's your choice and your choice alone. I am not here to evaluate the evidence. I am not here to judge you. That is going to be for the jury. . . . I'm not forcing you to take any deal at all. It is your decision and your decision alone. But should things not go your way, and that's for the jury to determine, not me, you most certainly would not qualify for parole during your natural lifetime given the alleged crimes in this matter . . . .

> What [the Commonwealth] want[s] to offer you is 20 to 40 years, but as a Judge and because I have a full docket I was willing to cut that in a half. That's because I'm in a generous mood today and I have a lot of cases that are backed up. So it's a one-time offer.

App. 149-50. The judge remarked if he offered any lower of a sentence, his picture would appear "on the front page of the Philadelphia Inquirer." App. 150.

Devine then accepted the plea offer, pleading no contest to multiple counts of

3

rape, endangering the welfare of a child, indecent assault, involuntary deviate sexual intercourse, and corruption of the morals of a minor. During the plea hearing, Devine confirmed that he signed, of his "own free will," the plea forms describing his trial rights, and the judge reviewed the penalties Devine faced if convicted on all counts. App. 151. After the Commonwealth proffered evidence to support each charge, the trial judge found Devine guilty. Devine affirmed that no one had "forced or threatened [him] in any way to plead no contest" and that it was his decision to plead. App. 153.

Several months later, Devine filed a motion to withdraw his plea, which the trial court denied at sentencing.[1] Consistent with the plea deal, the trial court sentenced Devine to 10 to 20 years' incarceration with 14 years' probation, which would run consecutive to his federal sentence. Devine then filed another motion to withdraw his guilty plea, which the trial court denied.

Devine appealed, arguing that the trial court erred in denying his motion to withdraw his plea because the plea was not knowing or voluntary. The trial court, acting under a state rule allowing it to address appealed issues, held that the plea was valid because Devine agreed to the plea of "his own free will" and understood the plea terms, his trial rights, and the "total [sentencing] exposure" had the jury found him guilty after trial. App. 233. The Pennsylvania Superior Court affirmed, concluding that Devine's plea was valid because he "testified that no one had forced or threatened him to enter the

_____

[1] The trial judge rejected Devine's claim that he "felt . . . rushed into taking the deal" because his plea occurred in 2013, which was four years after he committed the crimes. App. 169.

4

plea." Commonwealth v. Devine, No. 2528 EDA 2016, 2018 WL 2041460, at *3 (Pa. Super. Ct. May 2, 2018). The Pennsylvania Supreme Court denied Devine's petition for allowance of appeal.

Devine filed a pro se petition under 28 U.S.C. § 2254 in the District Court. The Court dismissed his petition because Devine failed to show a basis to disturb the Superior Court's conclusion that his plea was valid. We granted Devine's certificate of appealability to address whether the trial judge coerced his plea such that it was involuntary.

II[2]

The Fourteenth Amendment's Due Process Clause requires that a plea be entered voluntarily. Brady v. United States, 397 U.S. 742, 748 (1970). To assess a plea's voluntariness, we consider "all of the relevant circumstances surrounding it." Id. at 749. A plea is involuntary if it is produced "by actual or threatened physical harm or by mental coercion overbearing the will of the defendant." Id. at 750; see also Machibroda v.

---

[2] The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). Because the District Court dismissed Devine's habeas petition without an evidentiary hearing, we conduct a plenary review of its order. Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009). We presume the state trial court's factual determinations are "correct unless rebutted by clear and convincing evidence." Id. We apply no deference to the state courts' legal conclusions, as typically required under the Antiterrorism and Effective Death Penalty Act, but rather review them de novo because the state courts did not address the federal constitutionality of Devine's plea. See Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001); Bennett v. Superintendent Graterford SCI, 886 F.3d 268, 283 (3d Cir. 2018). As explained herein, Devine's challenge fails on the merits so we need not determine whether he exhausted his constitutional claim. See 28 U.S.C. § 2254(b)(2); Roman v. DiGuglielmo, 675 F.3d 204, 209 (3d Cir. 2012).

5

United States, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."); United States v. Jackson, 390 U.S. 570, 581 n.20 (1968) (noting "due process forbids convicting a defendant on the basis of a coerced guilty plea.").

Devine "faces a heavy burden in challenging the voluntary nature of his [nolo contendere] plea, for the plea hearing is specifically designed to uncover hidden promises or representations as to the consequences of a . . . plea." Lesko v. Lehman, 925 F.2d 1527, 1537 (3d Cir. 1991). Devine testified at the plea hearing that no one "forced or threatened [him] in any way to plead no contest" and that it was his decision to so plead. App. 153. Based on these sworn statements, the trial judge found that Devine agreed to the plea of "his own free will" and that he understood the plea terms, his trial rights, and the "total [sentencing] exposure" had the jury found him guilty after trial. App. 233. His declarations "carry a strong presumption of verity," which he fails to rebut. Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

For starters, the judge's pronouncement that it would accept a plea of 10 to 20 years, which was half of what the Commonwealth recommended for sentencing, did not per se violate Devine's due process rights.[3] See Flores v. Estelle, 578 F.2d 80, 85 (5th Cir. 1978) (noting that judge's involvement in the plea process "does not per se violate

---

[3] Even if a judge's participation in the plea process violates Pennsylvania law, we may only grant federal habeas relief for violations of federal law. See 28 U.S.C. § 2254(a).

any federal constitutional provision"); Miles v. Dorsey, 61 F.3d 1459, 1466-67 (10th Cir. 1995) (similar); cf. United States v. Davila, 569 U.S. 597, 610 (2013) (explaining that Fed. R. Crim. P. 11's ban on judicial involvement in plea discussions was "not one impelled by the Due Process Clause or any other constitutional requirement"). Accordingly, we must consider the entire plea proceeding to determine whether the judge's conduct coerced Devine's plea.

The record shows that the judge's participation in the plea process did not make Devine's plea involuntary. See Brown v. Peyton, 435 F.2d 1352, 1356 (4th Cir. 1970) (stating judge's promise inducing a plea "does not make that plea involuntary" unless the promise is "the prohibited type" that "affect[s] the [plea's] voluntariness"). The judge repeatedly explained to Devine that pleading was "[his] choice and [his] choice alone," that he, as the judge, was "not forcing [Devine] to take any deal," and that the jury, not the judge, would evaluate the evidence and decide his case had he proceeded to trial. App. 149. These statements made clear that Devine was free to accept or decline the offer and that the jury would evaluate his case if he decided to proceed to trial.[4]

---

[4] Devine argues that the trial judge unconstitutionally took on the role of both judge and prosecutor. A judge impermissibly "merge[s] into the prosecutorial function" when, for example, he offers a plea deal to only one of two defendants, despite the government being willing to give the deal to both defendants, Gov't of the V.I. v. Walker, 261 F.3d 370, 374-76 (3d Cir. 2001) (internal quotation marks omitted), or previously served as a prosecutor in the case over which he now presides, Williams v. Pennsylvania, 579 U.S. 1, 11, 14 (2016). Unlike those examples, the judge's willingness to accept a plea in exchange for a more lenient sentence than the Commonwealth offered did not impermissibly merge into the prosecutorial function. Rather, the judge expressed a proposed resolution that was consistent with the minimums and maximums he was permitted to impose.

The judge's repeated warnings about the sentence Devine could face had he proceeded to trial were not coercive. Providing Devine "[k]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer" was "crucial to the decision [of] whether to plead" and necessary to ensure his plea was voluntary.[5] United States v. Day, 969 F.2d 39, 43 (3d Cir. 1992). Indeed, a "plea induced by the fear of a 'heavy-sentencing'" is not involuntary. Siers v. Ryan, 773 F.2d 37, 43 (3d Cir. 1985). Thus, any claim that Devine's "constitutional rights were 'chilled' because he faced the possibility of a heavier sentence if he had chosen a jury trial . . . . must fail because the law is clear that a state 'is not forbidden to extend a proper degree of leniency in return for guilty pleas.'"[6] Id. at 43 (quoting Corbitt v. New Jersey, 439 U.S. 212, 223 (1978)); see also Brady, 397 U.S. at 755 (holding a plea is voluntary where it is "entered by one

---

[5] Devine does not assert that the judge provided inaccurate information about the penalties he faced if the jury convicted him on all counts.

[6] Contrary to Devine's argument, Walker is distinguishable from his case. There, the judge told two defendants at a pretrial conference that only one of them could plead guilty and that the pleading defendant would testify against the other at trial. 261 F.3d at 374. One accepted the plea, and the judge told him that he would not have received the same sentence had he proceeded to trial. Id. at 375. The other defendant proceeded to trial and received the maximum sentence. Id. at 374. We held that the "harsh sentence" violated due process because it "constituted punishment for [the defendant] asserti[ng] . . . his right to a trial." Id. at 375 (internal quotation marks omitted). Unlike Walker, here, the judge accurately informed Devine of the sentence he faced if he chose to proceed to trial, that the jury would decide his guilt, and that the judge was prepared to accept a plea in exchange for a sentence that was significantly more lenient than what the Commonwealth offered. None of this suggested that Devine would face a harsher sentence simply because he proceeded to trial, as in Walker, but rather reflected the judge's willingness to cap his exposure if Devine chose to plead guilty.

8

fully aware of the direct consequences" without threats, misrepresentations, or bribes inducing the plea (citation omitted)).

Relatedly, the trial judge did not coerce Devine's plea by placing a time-limit on accepting the plea. After jury selection, the judge mentioned that plea negotiations had been ongoing and informed Devine that he would accept a plea for a sentence that was more favorable than the one the Commonwealth offered. Given the age of the case, the ongoing plea negotiations, and that the jury was already selected, it was not unreasonable for the judge to place a time limit on Devine's decision concerning the plea offer. Moreover, the judge provided Devine an hour to meet with counsel to discuss the recent plea proposal and a chance to ask questions after the break about alternatives. Thus, there is no basis to question the judge's finding that Devine was not rushed into pleading. See Simmons v. Beard, 590 F.3d 223, 231 (3d Cir. 2009) (holding that we presume the state court's factual determinations are "correct unless rebutted by clear and convincing evidence").

The judge's other statements—that he offered the plea given his full docket and that he would be on the newspaper's front page if he offered a lower sentence—do not amount to coercion. Although such comments were arguably out of place, none embody threats that Devine would be punished simply for proceeding to trial. Cf. Gov't of the V.I. v. Walker, 261 F.3d 370, 374-76 (3d Cir. 2001) (holding a defendant's due process rights were violated where a court permitted only one of two defendants to plead and

9

imposed a harsher sentence on defendant who went to trial to punish him for exercising his trial rights).

In sum, the totality of the circumstances show that Devine voluntarily entered his plea.  See Brady, 397 U.S. at 749.

III

For the foregoing reasons, we will affirm.