## STATE OF CONNECTICUT v. THOMAS DARBY
### (6787)

SPALLONE, DALY and JACOBSON, Js.

Argued April 4—decided June 7—decision released July 26, 1989

*John R. Williams,* for the appellant (defendant).

*Carolyn K. Longstreth,* deputy assistant state's attorney, with whom were *Patrick Clifford,* assistant state's attorney, and, on the brief, *Michael Dearington,* state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of five counts of risk of injury to a child, General Statutes § 53-21,[1] and of one count of sexual assault in the second degree, General Statutes § 53a-71 (a) (1).[2] The question presented for our determination is whether the trial court's ruling permitting the victims, all of whom were then under the age of twelve, to testify by way of videotapes made in the absence of the defendant and

---

[1] "[General Statutes] Sec. 53-21. INJURY OR RISK OF INJURY TO, OR IMPAIRING MORALS OF, CHILDREN. Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[2] "[General Statutes] Sec. 53a-71. SEXUAL ASSAULT IN THE SECOND DEGREE: CLASS C FELONY: NINE MONTHS NOT SUSPENDABLE. (a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is (1) under sixteen years of age, or (2) mentally defective or mentally incapacitated to the extent that he is unable to consent to such sexual intercourse, or

the jury violated the defendant's state and federal constitutional rights to confront his accusers and to due process of law.

Prior to trial, the state moved, pursuant to General Statutes § 54-86g,[3] to present the testimony of all of the young victims by means of a videotape. The state represented that all of the victims were twelve years of age or younger and that the charges against the defendant involved sexual abuse, and proposed that only the judge, the prosecutor, one defense counsel and any person who would contribute to the welfare of the child be present during the testimony. Further, the motion proposed that the proceedings be videotaped from an adjoining room through a one-way mirror while the defendant was situated in a separate monitoring

(3) physically helpless, or (4) less than eighteen years old and the actor is such person's guardian or otherwise responsible for the general supervision of such person's welfare, or (5) in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over such other person.

"(b) Sexual assault in the second degree is a class C felony for which nine months of the sentence imposed may not be suspended or reduced by the court."

[3] "[General Statutes] Sec. 54-86g. TESTIMONY OF VICTIM OF CHILD ABUSE. COURT MAY ORDER TESTIMONY TAKEN OUTSIDE COURTROOM. PROCEDURE. (a) In any criminal prosecution of an offense involving assault, sexual assault or abuse of a child twelve years of age or younger, the court may, upon motion of the attorney for any party, order that the testimony of the child be taken in a room other than the courtroom in the presence and under the supervision of the trial judge hearing the matter and be televised by closed circuit equipment in the courtroom or recorded for later showing before the court. Only the judge, the attorneys for the defendant and for the state, persons necessary to operate the equipment and any person who would contribute to the welfare and well-being of the child may be present in the room with the child during his testimony. The attorneys and the judge may question the child. The defendant may observe and hear the testimony of the child and may consult with his attorney, but the court shall ensure that the child cannot hear or see the defendant.

"(b) If the court orders the testimony of a child to be taken under subsection (a) of this section, the child shall not be required to testify in court at the proceeding for which the testimony was taken."

room, where he would be able to see and hear the testimony and to communicate with defense counsel electronically.

At a hearing held on the state's motion, the only person to testify was John Leventhal, a pediatrician, who at the time of the hearing had been associated with the department of pediatrics at Yale-New Haven Hospital for eight years and had served as the director of its child abuse committee for four to five years.[4]

Following the hearing, the trial court granted the state's motion[5] and ordered that all of the victims' tes-

---

[4] We note that the trial court had before it, in addition to the testimony of Leventhal, the arrest warrants relating to the defendant in this case. The warrants described the actions of the defendant and the fearful reactions of the victims.

[5] The remarks of the trial court with regard to its ruling on the state's motion pursuant to General Statutes § 54-86g were as follows:

"The Court: Well, first of all, essentially, I agree with Mr. Clifford's interpretation of the statute and, that is, the legislature appears to have already performed the factor of the balancing test. It determined that the court need not perform a balancing of the defendant's interests versus the victims' interests and so on. The only requirement is for the court to order the testimony to be taken in a closed setting to determine that there is a criminal prosecution, that the offense involved is assault, sexual assault or abuse of the child, and that the child victim in any of those cases is twelve years of age or younger. If those factors are met, the court may exercise its discretion without evidence, without any specific findings, without any balancing of rights. The court, obviously, need only be persuaded that it is appropriate in a particular case. And I suppose that is essentially a determination that somehow the judicial process will be better served if the testimony of the victims is taken in that contrived way. The court, obviously, may also consider whether or not there will be any adverse impact on the victims because the focus of the statute certainly seems to be to protect the victims or to enhance the likelihood that they will testify accurately and completely. I think that the court would be free to simply enter a decision without stating reasons, because the legislature has not required any. But I would certainly prefer to do that. And I think the reasons why both of those tests are met, why the court is persuaded that judicial process would be better served in this case by the procedure requested by the state, and further, that there is risk of some adverse impact on the victims, those conclusions are based on taking judicial notice of the warrant and on Dr. Leventhal's testimony. Clearly, all the children are under twelve years of

timony be presented to the jury via videotape. The case proceeded to trial, and the victims' testimony was presented to the jury solely by way of videotapes.

After the jury returned its verdicts in this case, but before sentencing, our Supreme Court handed down its decision in *State* v. *Jarzbek*, 204 Conn. 683, 529 A.2d 1245 (1987), cert. denied, 484 U.S. 1061, 108 S. Ct. 1017, 98 L. Ed. 2d 982 (1988). In *Jarzbek*, our Supreme Court held that, in criminal prosecutions involving the alleged sexual abuse of children of tender years, videotaping the testimony of a minor victim outside the physical

---

age now and, obviously, were at the time when all these acts were alleged to have occurred. Clearly, it is apparent from the warrant and from the doctor's testimony that the defendant stood, according to those allegations, in some sort of position of friendship and trust or confidence with the victims and their families. I think the court can infer from that the victims would have some ambivalent feelings at best about the defendant. There were threats, apparently, from the warrant, and attempts on particular dates on at least two of the victims. And I note that one of the children was crying when he was telling about the version of the facts as he understood them. The doctor has testified that there is a significant risk of injury to children in this age group from testifying in a regular court setting, and that there is a greater likelihood of the victims in this age group to testifying accurately and completely in a closed setting rather than in a regular courtroom setting. I think the court can virtually take judicial notice of the fact that a child in this age group would be more relaxed and comfortable and less intimidated and overwhelmed in a controlled setting outlined in the state's motion than in a regular court setting with a jury of eight people and possible spectators, attorneys, investigators, court stenographer, and the judge sitting in a robe on a bench above the witness, and that kind of setting would be intimidating to a child in this age group. For all those factors, all those reasons, the facts in the warrant, and so on, and the inferences that can be drawn from those, plus Dr. Leventhal's testimony specifically about two of the victims and about the others, by reason of reviewing their charts, the court concludes that there is a greater likelihood in this case that all the victims would be giving a more accurate and complete testimony if they were to do it in a closed setting, and there is a significant risk of emotional injury to the children if they were to attempt their testimony in a regular courtroom setting. So, the court is persuaded that the preferable procedure in this case is to have the testimony of the victims given in the setting outlined in the state's motion, that is, the controlled setting by means of a videotape. For all those reasons, the state's motion is granted."

presence of the defendant may, under certain circumstances, be a constitutionally permissible practice that is not violative of the defendant's rights under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. Id., 707. The court held that, when faced with a request by the state to present the testimony of a minor victim by way of videotape, the trial court must hold an evidentiary hearing to assist it in balancing the individual defendant's right of confrontation against the interest of the state in obtaining reliable testimony from the particular minor victim. Id. The state has the burden of demonstrating, by clear and convincing evidence, a compelling need for excluding the defendant from the witness room during the videotaping of a minor victim's testimony. In order to satisfy its burden of proving compelling need, the state must show that "the minor victim would be so intimidated, or otherwise inhibited, by the physical presence of the defendant that the trustworthiness of the victim's testimony would be seriously called into question." Id., 704–705. Although the trial court may consider the well-being of the witness as a significant factor in its analysis, the state cannot prove need simply by demonstrating that the victim would suffer some harm if forced to testify in the presence of the accused. The primary focus of the trial court's inquiry must be on the reliability of the minor victim's testimony, not on the injury that the victim may suffer by testifying in the presence of the accused. Id., 705.

Following the release of the opinion in *Jarzbek,* the defendant filed a motion for mistrial and a motion for a new trial or in arrest of judgment. The defendant claimed that the evidence produced at the hearing on the state's pretrial motion to videotape the testimony of the minor victims did not establish, by clear and convincing evidence, a compelling need to present the

minor victims' testimony by way of a videotape made in the defendant's absence. At the sentencing of the defendant, the trial court denied the defendant's motions for a mistrial and for a new trial or in arrest of judgment, ruling that the evidence presented met the test of *Jarzbek.*[6] Thereafter, the defendant filed this appeal. Subsequently, in response to the state's motion for articulation, the trial court stated: "(1) In ruling after trial that the standard set forth in *State* v. *Jarzbek,* [supra] was satisfied, the trial court specifically considered only the testimony presented in connection with the pretrial motion to videotape. Although the court was aware of all the evidence presented during the trial pertaining to that issue, the court was not requested to consider, and did not specifically consider, that evidence. With the exception of oral argument by counsel for the defendant concerning trial evidence, the posttrial hearing and ruling were directed to the pretrial hearing evidence. (2) The court did conclude as to the victims . . . that the defendant's presence during the testimony would have so inhibited each victim that the reliability of his testimony would have been seriously undermined. All the facts and inferences relied on for that determination were recited by the court in ruling on the pretrial motion. The basis for the decision on the pretrial motion to videotape was stated fully by the court at that time."

---

[6] The trial court ruled as follows:

"The Court: Well, at the time of the hearing on the videotaping, obviously we were operating without the benefit of knowing what guidelines our Supreme Court would establish in *Jarzbek.* However, realizing that there were not clear guidelines at that point in the statute, I did attempt to ask some additional questions which satisfied the court that there was a compelling need for videotaping in this case. I feel that the evidence that was presented would meet the test of *Jarzbek,* even though we didn't know specifically what test we were trying to meet at that point. For those reasons, the court will deny the motion for mistrial and the motions for a new trial. And I realize that this matter will probably be tested in the appellate courts. However, I think that it will meet *Jarzbek.*"

In essence, the claim of error advanced by the defendant is a question of the sufficiency of the evidence to support the trial court's conclusion that the standards enunciated in *Jarzbek* were satisfied with regard to the videotaped testimony of each victim. Such a determination is a question of fact to be made by the trial court. *State* v. *Jarzbek,* supra, 704. In this case, the trial court expressly articulated its finding that the defendant's presence during the testimony would have so inhibited each victim that the reliability of his testimony would have been seriously undermined. At the sentencing proceeding, the court indicated it was satisfied that "there was a compelling need for videotaping in this case."

Because the trial court made the findings mandated by *Jarzbek,* our review is limited to determining whether there is any evidence to support those findings. We adopt the position of our Supreme Court in *Jarzbek,* wherein the court stated: "We express no opinion as to whether the evidence presently on the record is sufficient to satisfy the state's burden of proving, by clear and convincing evidence, a compelling need to videotape the testimony of the minor victim outside the physical presence of the defendant. It is not the role of this court to make such a factual determination. It is in the sole province of the trier of fact to evaluate expert testimony, to assess its credibility, and to assign it a proper weight. *Johnson* v. *Fuller,* 190 Conn. 552, 556, 461 A.2d 988 (1983); *State* v. *Gordon,* 185 Conn. 402, 409, 441 A.2d 119 (1981), cert. denied, 455 U.S. 989, 102 S. Ct. 1612, 71 L. Ed. 2d 848 (1982); *State* v. *Perez,* 182 Conn. 603, 610, 438 A.2d 1149 (1981). In the present circumstances, the trial court must determine what of the expert testimony it should reject or accept. *Gorra Realty, Inc.* v. *Jetmore,* 200 Conn. 151, 161, 510 A.2d 440 (1986)." *State* v. *Jarzbek,* supra, 706–707. We will not retry the issue of whether there was a compelling need to videotape the victims'

testimony outside the presence of the defendant in order to assure its reliability. On appeal, the function of this court is limited to determining whether the decision of the trial court is clearly erroneous. Practice Book § 4061; *State* v. *Spigarolo,* 210 Conn. 359, 374–75, 556 A.2d 112 (1989). It is the province of the trial court to pass upon the credibility of the witnesses and the weight to be accorded the evidence. See *State* v. *Baldwin,* 7 Conn. App. 477, 480, 509 A.2d 76, cert. denied, 200 Conn. 808, 512 A.2d 231 (1986). In the evaluation of preliminary determinations of the trial court in a criminal case, the evidence will be construed in a way most favorable to sustaining the determination. *State* v. *Spigarolo,* supra, 375.

Our review of the transcript of Leventhal's testimony reveals that, although there are general references to the effect that young victims of sexual assault are emotionally traumatized by having to testify in a courtroom setting in the presence of the accused abuser, Leventhal also testified that such a setting would have a negative effect on each individual victim's ability to testify in a trustworthy manner. Leventhal testified that he had personally interviewed two of the children and reviewed the hospital charts of the others. He stated his opinion that all of the victims would be "much more likely" to give a more complete and accurate account of what had happened to them if they were to testify outside the presence of the accused and the jury, in a room other than a courtroom. We cannot say that the factual finding of the trial court in this case, that there existed a compelling need to videotape the victims' testimony, was clearly erroneous.

We are not limited, however, to reviewing only the evidence before the trial court at the time of the ruling. Because the defendant's fundamental constitutional right to confront the witnesses against him is implicated, we may consider all the evidence in the rec-

ord. See Practice Book § 4061; *State* v. *Zindros,* 189 Conn. 228, 238, 456 A.2d 288 (1983), cert. denied, 465 U.S. 1012, 104 S. Ct. 1014, 79 L. Ed. 2d 244 (1984). Our Supreme Court has specifically stated that, "[i]n determining whether the defendant's constitutional rights have been infringed, we are not limited to the evidence before the trial court at the time of the ruling but may review the record in its entirety." *State* v. *Doehrer,* 200 Conn. 642, 647, 513 A.2d 58 (1986). When conducting such review, we are not restricted solely to reviewing the expert testimony on this issue, but may consider the relevant testimony of lay witnesses as well. *State* v. *Spigarolo,* supra, 372. "[T]he testimony of such individuals [lay witnesses] may provide critical insight on a minor's ability or inclination to speak truthfully in the physical presence of an alleged perpetrator." Id. Our review of the entire record as to each individual child victim fully supports the trial court's findings that a compelling need existed to videotape the testimony of each of them, outside the physical presence of the accused, in order to assure the reliability of their testimony.

In a related claim, the defendant asserts that the trial court erred in not affording defense counsel an opportunity to meet privately with each victim. He cites *State* v. *Jarzbek,* supra, 705 n.10, in support of this argument.[7]

As a general rule, witnesses are not required to meet with defense counsel. Nor is the state affirmatively required to make its witnesses available to defense

---

[7] In *State* v. *Jarzbek,* 204 Conn. 683, 705 n.10, 529 A.2d 1245 (1987), cert. denied, 484 U.S. 1061, 108 S. Ct. 1017, 98 L. Ed. 2d 982 (1988), our Supreme Court noted that, "[i]f, after an evidentiary hearing, the trial court finds a compelling need to exclude the defendant from the witness room during the taping of a minor victim's testimony, defense counsel must be afforded a full opportunity, prior to the videotaping session, to meet privately with the victim in order to discuss the events in question."

counsel. The state's duty is to refrain from actively interfering with defense counsel's access to witnesses who are otherwise willing to meet with defense counsel. 1 ABA Standards for Criminal Justice (2d Ed.) § 3.3.1; see also *United States* v. *Murdock,* 826 F.2d 771, 773 (8th Cir. 1987); *United States* v. *Black,* 767 F.2d 1334, 1337–38 (9th Cir. 1985), cert. denied, 474 U.S. 1022, 106 S. Ct. 574, 88 L. Ed. 2d 557 (1985). Our rules of practice are consistent with these principles. Practice Book § 791 permits depositions of witnesses in criminal cases only where a witness is likely to be unavailable for trial. Indeed, before trial, defense counsel is not even entitled to the statements of state's witnesses that were given to law enforcement authorities, unless of course, they are exculpatory. See Practice Book §§ 746 (2), 741 (1), 751.

We do not believe the *Jarzbek* majority intended to alter the rules of discovery in criminal cases by conferring an unlimited right on defense counsel to compel a pretrial meeting with the state's witnesses, particularly child victims of sexual abuse. The court's remark, when construed in the light of long and well established rules governing discovery in criminal cases, is more properly read as a reminder by the court that, even when child victims are to be videotaped at a time and place removed from the remainder of the trial, the defendant must be afforded the same opportunity for meeting with such witnesses as otherwise exists under our rules of practice.

In any event, the record in this case fails to indicate whether the defendant asked to meet with the victims before they testified, whether the victims were willing to be interviewed by defense counsel and, if so, whether the state interfered with such a meeting. Neither the record in this case nor the applicable law supports this claim of error.

In summation, the record, including the expert testimony produced at the hearing on the state's motion to videotape, the testimony of lay witnesses admitted during trial, the rulings of the trial court on the state's motion to videotape and the defense motions for a mistrial or a new trial or in arrest of judgment, and the trial court's articulation, fully support the trial court's factual finding that, under the "tests and standards" of *Jarzbek,* a compelling need existed to videotape the testimony of the child victims outside the presence of the defendant, in order to assure the reliability of such testimony. The trial court's factual findings cannot be said to be clearly erroneous, and its rulings complied with applicable law.

There is no error.

In this opinion the other judges concurred.