## STATE OF CONNECTICUT *v.* ROGER D. ELLS
### (13284)

O'Connell, Landau and Hennessy, Js.

Argued October 2—decision released November 14, 1995

*Donald D. Dakers*, special public defender, for the appellant (defendant).

*Denise B. Smoker*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Herbert E. Carlson, Jr.*, supervisory assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, rendered after a trial to the court, of three counts of risk of injury to a child in violation of General Statutes § 53-21.[1] The defendant claims that (1) the trial court improperly allowed a child to testify outside the defendant's presence, (2) the trial court failed to recuse itself, sua sponte, and (3) the defendant's waiver of a jury trial was not exercised knowingly, intelligently, and voluntarily. We affirm the judgment of the trial court.

The defendant was charged with sexual assault and risk of injury involving a six year old child. The defendant originally pleaded not guilty to one count of sexual assault in the first degree and one count of risk of injury to a child and elected a jury trial. The defendant subsequently withdrew his not guilty plea and pleaded guilty under the *Alford* doctrine[2] to one count of risk of injury to a child. The trial court later allowed the defendant to withdraw his *Alford* plea, thereby reinstating his case to the jury list. Following the withdrawal of the defendant's plea, the state filed one additional count of sexual assault in the first degree and two additional counts of risk of injury to a child. The defendant subsequently pleaded not guilty to all additional charges and elected to have his case tried to the court. The court found the defendant not guilty of the counts of sexual assault and guilty of the risk of injury charges.

[1] General Statutes § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[2] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). A defendant pleading under the *Alford* doctrine neither admits his guilt nor protests his innocence. Instead, a defendant merely acknowledges that the state has evidence sufficient to obtain a conviction and therefore chooses to plead guilty in order to avoid the imposition of a possibly more serious punishment after trial.

I

Pursuant to General Statutes § 54-86g,[3] the court granted the state's motion to allow a six year old child to testify outside the defendant's presence. The defendant claims that the trial court failed to apply the proper standard in granting this motion. We do not agree.

Section 54-86g permits a court, under limited circumstances, to order that the testimony of a child alleged to be a victim of sexual abuse be taken outside the defendant's presence. *State* v. *Jarzbek*, 204 Conn. 683, 704–705, 529 A.2d 1245 (1987), cert. denied, 484 U.S. 1061, 108 S. Ct. 1017, 98 L. Ed. 2d 982 (1988). To take advantage of this statute, the state must establish by clear and convincing evidence that a *compelling need* exists to exclude the defendant in order to preserve the accuracy and reliability of the minor's testimony.

---

[3] General Statutes § 54-86g (a) provides: "In any criminal prosecution of an offense involving assault, sexual assault or abuse of a child twelve years of age or younger, the court may, upon motion of the attorney for any party, order that the testimony of the child be taken in a room other than the courtroom in the presence and under the supervision of the trial judge hearing the matter and be televised by closed circuit equipment in the courtroom or recorded for later showing before the court. Only the judge, the defendant, the attorneys for the defendant and for the state, persons necessary to operate the equipment and any person who would contribute to the welfare and well-being of the child may be present in the room with the child during his testimony, except that the court may order the defendant excluded from the room or screened from the sight and hearing of the child only if the state proves, by clear and convincing evidence, that the child would be so intimidated, or otherwise inhibited, by the physical presence of the defendant that a compelling need exists to take the testimony of the child outside the physical presence of the defendant in order to insure the reliability of such testimony. If the defendant is excluded from the room or screened from the sight and hearing of the child, the court shall ensure that the defendant is able to observe and hear the testimony of the child, but that the child cannot see or hear the defendant. The defendant shall be able to consult privately with his attorney at all times during the taking of the testimony. The attorneys and the judge may question the child. If the court orders the testimony of a child to be taken under this subsection, the child shall not be required to testify in court or at the proceeding for which the testimony was taken."

Id. In order to satisfy its burden, the state must show that the "minor victim would be so intimidated . . . by the physical presence of the defendant that the trustworthiness of the victim's testimony would be seriously called into question." (Internal quotation marks omitted.) *State* v. *Bonello*, 210 Conn. 51, 59, 554 A.2d 277, cert. denied, 490 U.S. 1082, 109 S. Ct. 3268, 106 L. Ed. 2d 612 (1989); *State* v. *Spigarolo*, 210 Conn. 359, 368, 556 A.2d 112, cert. denied, 493 U.S. 933, 110 S. Ct. 322, 107 L. Ed. 2d 312 (1989).

In order to fulfill the compelling need requirement of § 54-86g and *Jarzbek*, the state must present evidence that the reliability of the minor victim's testimony will be impaired if the child is forced to testify in the defendant's presence. "Although the trial court may consider the well-being of the [child] as a significant factor in its analysis, the state cannot prove [compelling] need simply by demonstrating that the victim would suffer some harm if forced to testify in the presence of the accused." *State* v. *Jarzbek*, supra, 204 Conn. 705. Because the defendant's constitutional right of confrontation is implicated in such a determination, the trial court must focus primarily on the reliability of the minor victim's testimony.

The defendant does not challenge the sufficiency of the evidence to support a finding of compelling need and concedes that the state presented ample evidence to meet its burden in this case. Instead, the defendant contends only that the trial court did not make the specific finding of compelling need mandated by § 54-86g and *Jarzbek* when making its determination. In ascertaining whether a trial court has made the necessary findings to invoke the provisions of § 54-86g, this court reviews the record in its entirety. *State* v. *Darby*, 19 Conn. App. 445, 455–56, 563 A.2d 710, cert. denied, 213 Conn. 801, 567 A.2d 833 (1989).

We agree with the defendant that the trial court did not use the talismanic words "compelling need" when enunciating its determination, but it is clear from the record that the trial court engaged in the proper inquiry before making the necessary finding. The court recognized that it could exclude the defendant from the courtroom only if the state had demonstrated by clear and convincing evidence that the reliability of the minor victim's testimony would be adversely affected by the defendant's presence and properly focused its inquiry on that question.

Despite the trial court's failure to use the phrase "compelling need" when making its determination, a thorough review of the record convinces us that the trial court complied with the requirements of § 54-86g before allowing the minor victim to testify outside of the defendant's presence.

## II

The defendant next claims that the due process clause of the Connecticut constitution requires a trial judge to disqualify himself sua sponte when that judge learns of a defendant's withdrawn *Alford* plea.[4] In order to present a state constitutional claim, a party must specifically brief it as such to this court, including an analysis of the following to the extent that they are applicable: (1) the text of the constitutional provision; (2) related Connecticut precedents; (3) persuasive federal precedent; (4) persuasive precedents of other states; (5) historical insight into the intent of the drafters; and (6) economical and sociological considera-

---

[4] The record shows that the trial judge in this case offered to recuse himself on the ground that he had previously learned of the defendant's withdrawn *Alford* plea. The defendant, however, expressed no objection to the judge's presiding over his trial. Because this issue was not properly preserved, we need not determine whether this claim, articulated for the first time on appeal, would result in an ambuscade of the trial court. See *State v. Robinson*, 227 Conn. 711, 741, 631 A.2d 288 (1993).

tions. *State* v. *Geisler*, 222 Conn. 672, 684–85, 610 A.2d 1225 (1992). In presenting his claim to this court, the defendant has not advanced a separate analysis of any of the six *Geisler* factors, thereby failing to comply with the briefing requirements for raising such an issue. We therefore decline to review the defendant's state constitutional claim. See, e.g., *State* v. *Joyce*, 229 Conn. 10, 16–17, 639 A.2d 1007 (1994); *State* v. *Birch*, 219 Conn. 743, 746 n.4, 594 A.2d 972 (1991).

### III

The gravamen of the defendant's final claim is that his waiver of a jury trial was constitutionally deficient because the trial court did not specifically inform him that the judge to whom the case would be tried would likely know of the defendant's previously withdrawn *Alford* plea.

To waive his right to a jury trial effectively, the defendant, pursuant to General Statutes § 54-82b (b)[5] and Practice Book § 839,[6] must first be advised of that right at the time he enters his plea. Neither the statute nor the rule, however, specifies the precise content of the advice to be given to a defendant who seeks a nonjury trial. *State* v. *Marino*, 190 Conn. 639, 646–47, 462 A.2d 1021 (1983).

Further, the defendant's waiver must be "knowing and intelligent" as well as voluntary. *Schneckloth* v. *Bustamonte*, 412 U.S. 218, 237, 93 S. Ct. 2041, 36 L. Ed.

---

[5] General Statutes § 54-82b (b) provides in pertinent part: "In criminal proceedings the judge shall advise the accused of his right to trial by jury at the time he is put to plea and, if the accused does not then claim a jury, his right thereto shall be deemed waived . . . ."

[6] Practice Book § 839 provides in pertinent part: "The defendant in a criminal action may demand a trial by jury of issues which are triable of right by jury. If at the time he is put to plea, he elects a trial by the court, the judicial authority shall advise the defendant of his right to a trial by jury. If the defendant does not then elect a jury trial, his right thereto may be deemed to have been waived."

2d 854 (1973); *State* v. *Williams*, 205 Conn. 456, 460–61, 534 A.2d 230 (1987). Connecticut courts have incorporated the knowing, intelligent and voluntary standard into a similar definition of waiver; in order to validly waive a constitutional right, a defendant must intentionally relinquish or abandon it. *Paulsen* v. *Manson*, 203 Conn. 484, 489, 525 A.2d 1315 (1987). In determining whether this strict standard has been satisfied, this court must examine the totality of the circumstances surrounding the waiver. *State* v. *Williams*, supra, 461.

Applying these principles to this case, we note that the record discloses an extensive canvass by the trial court[7] before it allowed the defendant to waive his right to a jury trial. Generally, the trial court informed the defendant of the differences between a court trial and a jury trial and the advantages a jury trial may offer a criminal defendant. Specifically, the trial court apprised the defendant that a judge, as a trier of fact and law, is frequently called on to determine the admissibility of evidence and is then expected to disregard the evidence that he finds to be inadmissible when determining a defendant's guilt or innocence. Before relinquishing his right, however, the defendant was told to consider the possibility that inadmissible as well as admissible evidence may come before the trier of fact in a bench trial. The court did not accept the defendant's waiver until it had elicited the information that he had completed one year of college and had fully discussed the election of a court trial with his attorney.

After examining the totality of the circumstances surrounding the defendant's waiver, we conclude that the defendant knowingly, intelligently, and intentionally relinquished his right to a jury trial.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[7] The judge who took the defendant's waiver of the right to a trial by jury did not preside over the defendant's court trial.