## STATE OF CONNECTICUT *v.* JAMES DECABA
### (14831)

Dupont, C. J., and Schaller and Spallone, Js.

Argued April 29—officially released July 9, 1996

*Robert M. Berke,* deputy assistant public defender, for the appellant (defendant).

*Paul J. Ferencek,* assistant state's attorney, with whom, on the brief, was *Mary Galvin,* state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of larceny in the fourth degree in violation of General Statutes § 53a-125. He claims on appeal that the trial court's denial of his motion for a continuance to allow him to shower and shave before trial (1) was arbitrary and unreasonable, and constituted an abuse of discretion, (2) denied him the presumption of innocence, and (3) denied his due process rights under the fourteenth amendment to the United States constitution and article first, § 8, of the Connecticut constitution.[1]

---

[1] As the state indicates in its brief, the defendant's brief provided no separate analysis under the Connecticut constitution. Accordingly, we

The record reflects that the defendant was incarcerated throughout the trial proceedings. The jury was selected on April 6, 1995, but the trial was postponed to April 25, 1995. On that date, out of the presence of the jury, defense counsel objected to proceeding with the trial on the grounds that, because the defendant had been placed in segregation for security reasons on the previous evening, he had not been permitted to shower or shave on the morning of trial. Counsel claimed that his client's appearance was unsightly because he was not clean shaven and his hair looked "a little bit matted" on the back of his head. Counsel stated that "it looks like he slept on it . . . . He wish[es] to shave his old beard. . . . Although he did not elaborate this to me completely, I presume that he would like to look more clean shaven for a jury."

Construing the defendant's request as a motion for a continuance, the court closely scrutinized the defendant's appearance. The trial court found that the defendant had a beard "of long standing," that he had had the beard at the time of the voir dire, and, moreover, that the prosecutor also had facial hair. The trial court found that the defendant's hair was not matted, that he had "not one hair out of place," and that his hair looked "quite nice." Finally, the court noted that the defendant was wearing a jacket, a light colored button-down shirt and a tie, and that he looked "neatly attired. . . . He looks fine. It doesn't look like he's been in jail. I have absolutely no problem with his attire." The defendant has not claimed that he was in prison garb, and it is clear from the transcript that he was not.

Noting that the jury had already been inconvenienced by postponement of the proceedings, the court further stated: "I see nothing wrong with the way he looks. I

choose not to review his state constitutional claims. *State* v. *Ells*, 39 Conn. App. 702, 667 A.2d 556 (1995), cert. denied, 235 Conn. 940, 669 A.2d 577 (1996).

think this is a delaying tactic on your client's part to stall this case to prevent this case from getting started today." The court denied the motion for a continuance.

Appellate review of a trial court's denial of a motion for a continuance is " 'governed by an abuse of discretion standard that, although not unreviewable, affords the trial court broad discretion in matters of continuances.' " *State* v. *Ortiz*, 40 Conn. App. 374, 386, 671 A.2d 389 (1996), quoting *State* v. *Hamilton*, 228 Conn. 234, 250, 636 A.2d 760 (1994).

In the present case, the defendant stood before the trial court as it considered his motion. The trial court made factual findings as to the defendant's appearance, it articulated its findings and, on the basis of those findings, denied the motion for a continuance. We cannot say that the court's ruling was either arbitrary or unreasonable, or that it was an abuse of discretion. Moreover, the defendant has failed to demonstrate how he was prejudiced by the denial of the continuance. *State* v. *Hamilton*, supra, 228 Conn. 244.

The defendant also claims that the denial of a continuance implicated his constitutional rights to the presumption of innocence and due process. Here, the court's specific findings as to the defendant's appearance at trial indicate that the defendant was neatly attired and that he did not bear the stigma of incarceration that would prejudice a jury and infringe his right to either the presumption of innocence; *Estelle* v. *Williams*, 425 U.S. 501, 96 S. Ct. 1691, 48 L. Ed. 2d 126, reh. denied, 426 U.S. 954, 96 S. Ct. 3182, 49 L. Ed. 2d 1194 (1976); or due process. See *State* v. *Glenn*, 194 Conn. 483, 493, 481 A.2d 741 (1984). The defendant's subjective feelings as to his appearance are of no consequence if objectively there is no substance to his claims.

The judgment is affirmed.

In this opinion the other judges concurred.