[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition seeking habeas corpus relief from allegedly unlawful confinement resulting from judgments of conviction for arson second degree, in violation of General Statutes § 53a-112; burglary third degree, in violation of General Statutes § 53a-103; arson first degree, in violation of General Statutes § 53a-111; and two counts of sale of narcotics, in violation of General Statutes § 21a-277(a), upon which judgments the petitioner received a total, effective sentence of twenty-five years incarceration. The petitioner was convicted after a jury trial on the case involving arson second degree and burglary third degree and received a total, effective prison sentence of twenty-five years on those charges. He pleaded guilty to the arson first degree charge, in a second file and the narcotics violations in a third file. The sentences on these guilty plea files were concurrent with each other and with the twenty-five year sentence imposed on the arson second degree file.
In his amended petition, the petitioner claims his confinement is unlawful in that his guilty plea to the arson first degree charge and his waiver of his right to appeal his arson second degree and burglary conviction were not entered knowingly, intelligently, and voluntarily, and he was denied the effective assistance of counsel because his trial attorneys failed to advise him properly concerning the merits of an appeal of the arson second degree and burglary conviction. In his post trial briefs the petitioner has limited the relief he seeks to the restoration of his appellate rights with respect to the arson second degree case, Petitioner's Reply Brief, p. 9. The petitioner no longer seeks to have his guilty plea to arson first degree vacated.
The court finds the following facts. In the spring of 1988, the petitioner was facing charges in three files arising from allegations that he participated in the burning of the Salisbury town garage, that he participated in the burning of the Salisbury town hall, and that he sold cocaine on two occasions to undercover police officers.
The petitioner elected a jury trial on the town garage arson case and was found guilty as a result of the trial. He received a total, effective sentence of twenty-five years imprisonment for arson second degree and burglary third degree on May 27, 1988. He was represented at that trial by Attorney David Morgan, an experienced criminal trial lawyer. Morgan also represented the petitioner in the narcotics case. Attorney John Williams, also an CT Page 7979 experienced criminal defense attorney, represented the petitioner in the town hall fire case. The petitioner filed an appeal of his conviction, after jury trial, in the town garage fire matter. Attorney Linda Fabale represented the petitioner in the appeal.
Shortly after sentencing for the town garage arson, Morgan and Williams engaged in extensive plea negotiations with the prosecuting authorities who were handling the remaining town hall fire and narcotics cases. Morgan's assessment of the petitioner's appeal was that there were a couple of meritorious issues which could be raised in the appeal. Morgan, Williams, and the petitioner all recognized that conviction was highly likely in the narcotics cases and that substantial, consecutive sentences were probable upon conviction after trial for those charges.
On June 27, 1988, Morgan, Williams, and the prosecutors met with Judge Dranginis to discuss possible resolution of all the pending cases. Judge Dranginis had presided over the jury trial which led to the petitioner's conviction regarding the town garage fire case. Her trial rulings and instructions were the subject matter of the nascent appeal of that conviction. The prosecutors desired consecutive sentences on guilty pleas for the remaining charges. Judge Dranginis indicated that she felt concurrent sentences to the twenty-five years prison sentence the petitioner was serving for the town garage fire case were appropriate. The prosecutors relented and agreed that, if the petitioner waived his right to sentence review of that sentence and waived his right to appeal that conviction, they would withdraw opposition to the imposition of concurrent prison terms on the remaining charges. It remains unclear and unproven whether withdrawal of the appeal as a condition of the plea agreement was initiated by the prosecutors or Judge Dranginis.
Morgan and Williams relayed this information to the petitioner. They thoroughly discussed with him the prospective merits of the pending appeal of the town garage fire case, the likelihood of procuring bond while the appeal progressed, the likely outcome of the town hall arson case, and the likely outcome of the narcotics case. Morgan and Williams both urged the petitioner to accept the indicated disposition.
Morgan and Williams comprehensively and competently advised the petitioner regarding the ramifications of pleading guilty to the charges in the town hall fire and narcotics cases. Morgan specifically advised the petitioner with respect to waiver of his CT Page 7980 appeal in the town garage fire case and the waiver of sentence review. Morgan discussed with the petitioner the merits of the appeal, the possibility and likelihood of posting bond pending appeal, and the likely outcome of a new trial should the appeal succeed. Morgan conveyed this information in a professional and competent manner. Morgan informed the petitioner that withdrawal of the appeal would finalize the judgment of conviction in the town garage fire case, that the twenty-five year prison sentence would be unchallengeable, and that all issues that could be raised on appeal would be forever lost.
Educated by the thorough information and sound advice of his two highly skilled defense counsel and mindful of the bleak chances of avoiding conviction on the narcotics charges, which carried a possible maximum combined sentence of thirty years imprisonment consecutive to any other sentence imposed, the petitioner intelligently, knowingly, and voluntarily decided to plead guilty to the town hall arson and the sales of narcotics and to forego appeal and sentence review in the town garage arson case.
Two days later the petitioner changed his pleas to guilty and withdrew his right to appeal and sentence review. A review of the plea proceedings conducted by Judge Dranginis amply demonstrates that the trial court determined, on the record, that the petitioner fully understood the nature and elements of the charges to which the petitioner pleaded guilty; the permissible range of punishments attendant thereto; and the important trial rights that the petitioner was relinquishing. The trial court also found that there existed a factual bases for the pleas of guilty and that the pleas were entered voluntarily and without improper promise or coercion. The details of the negotiated disposition were fully explained by the court for the petitioner's benefit.
The trial court also carefully reviewed with the petitioner his decision to withdraw his appeal and right to sentence review. The court elicited from the petitioner, on more than one occasion, that he had voluntarily and knowingly decided to waive his right to appeal. The trial court established that this decision was reached after adequate discussion with his attorneys.
 I
The first count of the amended petition asserts that the petitioner was denied due process because of the absence of a knowing, intelligent, and voluntary withdrawal of his appeal. CT Page 7981 These claims were never raised at the trial or appellate levels.
In Johnson v. Commissioner, 218 Conn. 403 (1991), our Supreme Court adopted the "cause and prejudice" standard espoused by the U.S. Supreme Court in Wainwright v. Sykes, 433 U.S. 72 (1977), which standard limits the reviewability of claims first raised in a habeas corpus petition. In Johnson v. Commissioner, supra, the cause and prejudice criteria was made applicable to procedural defaults which occurred at the trial level. This standard was extended to apply to the failure to raise claims on appeal inJackson v. Commissioner, 227 Conn. 124, 132 (1993). The burden of proving good cause and prejudice for procedural default rests with the habeas petitioner, Johnson v. Commissioner, supra, 409.
The court concludes that the petitioner has failed to meet his burden of demonstrating good cause for belatedly raising this issue. The petitioner offers as good cause for failing to raise the issue of insufficient canvass of his decision to withdraw his appeal, Judge Dranginis's participation in the disposition negotiations and her acceptance of the withdrawal when her own judicial performance was being questioned by the appeal. The court fails to see how the trial court's participation impinged in any way on the petitioner's opportunity and ability to raise his due process argument at the trial level or on appeal.
The petitioner could have moved for the disqualification of Judge Dranginis under the procedures set forth in Practice Book §§ 995 through 997, but he failed to do so. It is incumbent on a litigant to raise issues of disqualification at the trial level rather than wait until subsequent proceedings to do so, State v.Safford, 22 Conn. App. 531, 537 (1990); State v. Coleman,17 Conn. App. 307, 313 (1989).
The petitioner could have moved to withdraw his guilty pleas under Practice Book § 721 based on his claim that his withdrawal of his right to appeal was entered involuntarily or unintelligently, but declined to do so. The petitioner could have raised on direct appeal his due process claim based on the involuntary and unknowing waiver of his right to appeal, State v. Niblack, 220 Conn. 270, 277
through 284 (1991), but he failed to do so.
"Good cause" must be some factor external to the defendant and his counsel in a criminal case which impedes the defense efforts to comply with procedural rules, Jackson v. Commissioner, supra, 137. The petitioner contends that Judge Dranginis's actions constituted CT Page 7982 "official interference" creating the requisite external factor. The court rejects this contention. The court finds no action on the part of Judge Dranginis which prevented or deterred the petitioner or his counsel from objecting to the judge's participation in the plea negotiation process, from moving for her recusal in the still pending cases, or from raising the involuntariness of the plea and withdrawal of appeal issue.
During the relevant time period, the petitioner was represented by two, experienced defense attorneys. The petitioner and his trial counsel participated in the plea negotiations willingly and without any compulsion by the trial judge. The trial judge supplied no false or misleading information to the petitioner or his lawyers. The trial judge conveyed no direct or veiled threats of judicial retribution should the petitioner decline to dispose of his remaining cases short of trial or reject any disposition suggested by the trial judge. The trial judge expressed no opinion regarding the chances of success or failure with respect to the pending appeal.
In short, the trial judge's actions in no way obstructed the petitioner or his counsel from utilizing the procedural mechanisms available to the defense to raise the same due process violation allegation which he puts forward in the first count of his amended habeas petition. The failure of the petitioner to establish good cause under the Wainwright standard for belatedly raising this due process claim requires that the court eschew review of the merits of that due process claim.
 II
The second count of the amended petition alleges that Morgan and Williams rendered ineffective assistance by improperly advising the petitioner with respect to the merits of the appeal of the town garage arson case and the consequences of withdrawal of that appeal pursuant to the plea agreement.
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims; Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id. CT Page 7983
Our Supreme Court has also adopted the Hill v. Lockhart
modification to the prejudice prong of the Strickland standard for cases in which the conviction has resulted from a guilty plea,Copas v. Commissioner, 234 Conn. 139, 151 (1995); Hill v. Lockhart,474 U.S. 52 (1985). The petitioner's burden of proving prejudice under the Hill modification to the second component of theStrickland standard requires that the petitioner demonstrate that he would not have pleaded guilty, that he would have insisted on going to trial, and that the evidence that remained undiscovered or the other defenses that should have been presented were likely to have been successful at that trial, Copas v. Commissioner supra.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness, Johnson v.Commissioner, 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms, Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation, Id.
As noted above, the court has found that, contrary to the petitioner's assertions, the petitioner was competently and thoroughly apprised by his trial attorneys regarding the potential merits of the appeal of the town garage fire case, all salient consequences which would flow from withdrawing that appeal, and the desirability of withdrawing the appeal in order to take advantage of the offer of concurrent sentences on the outstanding charges. The petitioner has failed to meet his burden of proving, by a preponderance of the evidence, that either of his trial counsel were deficient under the first prong of the Strickland test.
For these reasons the petition is dismissed.
Sferrazza, J.