STATE OF CONNECTICUT *v.* RODNEY M. PETERSON
(AC 16689)

O'Connell, C. J., and Sullivan and Daly, Js.

Argued November 5, 1998—officially released February 2, 1999

*Mark Rademacher,* assistant public defender, for the appellant (defendant).

*Judith Rossi,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Cecilia B. Wiederhold,* assistant state's attorney, for the appellee (state).

*Opinion*

SULLIVAN, J. The defendant, Rodney M. Peterson, appeals from the judgments rendered following the

denial of his motion to withdraw his guilty plea. On appeal, the defendant claims that the trial court improperly (1) rejected his motion to withdraw his guilty plea without holding an evidentiary hearing and (2) advised him of the minimum sentences for the crimes to which he pleaded guilty. We affirm the judgments of the trial court.

The following facts are necessary for a proper resolution of this appeal. The defendant was arrested on two separate occasions and charged each time with sexual assault in the first degree for forcing two different women to submit to sexual intercourse at knifepoint. On October 26, 1994, the defendant failed to appear for the scheduled court date for the first case. The defendant was subsequently apprehended and arraigned on December 13, 1995. On August 16, 1996, the parties entered into a plea agreement for two counts of first degree sexual assault and one count of failure to appear in the first degree. The defendant entered a guilty plea to those counts under the *Alford* doctrine.[1]

Subsequently, the defendant attempted to withdraw his guilty plea through a letter addressed to the trial court claiming, inter alia, that his attorney (1) had failed to inform him about evidence, (2) had failed to visit him in prison and (3) had not allowed him to consult with his family before entering his plea. In his letter, the defendant also requested new counsel. The defendant made a second attempt to withdraw his guilty plea through a letter to the court clerk, dated September 3, 1996, giving as a reason that he was on medication

---

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). "A defendant pleading under the *Alford* doctrine neither admits his guilt nor protests his innocence. Instead, a defendant merely acknowledges that the state has evidence sufficient to obtain a conviction and therefore chooses to plead guilty in order to avoid the imposition of a possibly more serious punishment after trial." *State* v. *Ells*, 39 Conn. App. 702, 703 n.2, 667 A.2d 556 (1995), cert. denied, 235 Conn. 940, 669 A.2d 577 (1996).

at the time he entered into the plea agreement. On September 18, 1996, the defendant's attorney withdrew from the case, with the court's permission, after the defendant filed a grievance against him; thereafter, a new special public defender was appointed to represent the defendant.

On September 27, 1996, the trial court treated the defendant's second letter requesting a withdrawal from the plea agreement as a pro se motion to withdraw his guilty plea. The trial court denied the defendant's motion to withdraw his plea, and the defendant was sentenced in accordance with the plea agreement. Also, that same day, the trial court sentenced the defendant to a total effective sentence of twenty-five years, execution suspended after fourteen years, and five years probation. This appeal followed. Other facts will be discussed where relevant to the issues in the case.

I

The defendant first claims that the trial court improperly denied his motion to withdraw his guilty plea without affording him an evidentiary hearing. We disagree.

We must first address whether this unpreserved claim is reviewable. The defendant's letter, treated by the court as a pro se motion to withdraw his guilty plea, did not request an evidentiary hearing. Prior to the commencement of the defendant's sentencing hearing, the trial court addressed the defendant's motion to withdraw his guilty plea. The defendant was represented at this hearing by counsel. No request for an evidentiary hearing, however, was made by the defendant or his attorney.

On appeal, the issue of whether the trial court acted within its discretion in failing to hold an evidentiary hearing before ruling on the defendant's motion to withdraw his plea is reviewable despite the defendant's fail-

ure to request an evidentiary hearing. See *State* v. *Watson*, 198 Conn. 598, 612, 504 A.2d 497 (1986); *State* v. *Safford*, 22 Conn. App. 531, 534, 578 A.2d 152, cert. denied, 216 Conn. 823, 581 A.2d 1057 (1990). In *Safford*, we rejected the state's argument that the trial court's failure to hold an evidentiary hearing was not reviewable because the defendant did not request an evidentiary hearing on his motion to withdraw his plea. *State* v. *Safford*, supra, 534. In *Safford*, the state cited *State* v. *Watson*, supra, 598, as support for its argument that the issue is not reviewable. We found the state's argument in *Safford* to be meritless because *Watson* "can be read to suggest no more than that the defendant's failure to request an evidentiary hearing is a consideration to be weighed by the reviewing court." *State* v. *Safford*, supra, 534. In *Safford*, we reviewed the defendant's claim because the defendant "preserved this claim by moving to withdraw the plea, and adequately briefed the issue in this court." Id. Similarly, in this case, even though the defendant did not request an evidentiary hearing, because the defendant moved to withdraw his guilty plea and adequately briefed this issue on appeal, the defendant's claim is reviewable by this court.

We next turn to whether the trial court's failure to provide the defendant with an evidentiary hearing constituted an abuse of the trial court's discretion. Prior to the acceptance of a guilty plea, a defendant may withdraw it as a matter of right. Practice Book § 39-26.[2] After a plea has been accepted by the trial court, but before the defendant's sentencing, the trial court is obligated to permit the defendant to withdraw a guilty

---

[2] Practice Book § 39-26 provides: "A defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his or her plea upon proof of one of the grounds in Section 39-27. A defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed."

plea only upon proof of one of the grounds set forth in Practice Book § 39-27.[3]

"Where the record of the plea proceeding and other information in the court file conclusively establish that the motion is without merit, the trial court may dispose of the motion without holding an evidentiary hearing. *State* v. *Torres*, 182 Conn. 176, 185, 438 A.2d 46 (1980), citing *Fontaine* v. *United States*, 411 U.S. 213, 215, 93 S. Ct. 1461, 36 L. Ed. 2d 169 (1973); see also *State* v. *Morant*, 20 Conn. App. 630, 633, 569 A.2d 1140 [cert. denied, 215 Conn. 818, 576 A.2d 547] (1990)." *State* v. *Safford*, supra, 22 Conn. App. 534–35.

In the present case, the defendant, in moving to withdraw his plea, alleged that he "was coerced by [his attorney]" and that he "was on medication" and "wasn't actually in [his] right mind" when he made his plea agreement.[4] The defendant, through his new counsel, asserted that due to the effects of the medication that he had been prescribed in relation to a hernia operation,

---

[3] Practice Book § 39-27 provides: "The grounds for allowing the defendant to withdraw his or her plea of guilty after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Section 39-19;

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

"(3) The sentence exceeds that specified in a plea agreement which had been previously accepted, or in a plea agreement on which the judicial authority had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered;

"(4) The plea resulted from the denial of effective assistance of counsel;

"(5) There was no factual basis for the plea; or

"(6) The plea either was not entered by a person authorized to act for a corporate defendant or was not subsequently ratified by a corporate defendant."

[4] On appeal, the defendant confined his grounds for withdrawing his claim to the assertion that his pleas were not voluntarily, knowingly, and intelligently entered into due to the influence of medication. Thus, we will not discuss the allegation that his plea was the product of coercion.

he did not voluntarily, knowingly, and intelligently enter into the plea agreement.

In denying the defendant's motion to withdraw, the trial court relied on the defendant's responses during his plea canvass.[5] Moreover, in its memorandum of decision, the trial court reasoned that the defendant's plea agreement was voluntary on the basis of "(1) the defendant's responses to the court's questions during the plea canvass that occurred on August 16, 1996,[6] (2) counsels' statements on the record that there was no reason why the plea should not be accepted[7] and (3)

---

[5] The trial court stated: "Mr. Peterson, I've got to take you at your word with respect to the answers that you gave me back in court on August 16 [the plea canvass hearing]. That's why I ask you those questions. That's why we spend the time to go through these plea canvasses carefully. I was satisfied then and both lawyers were satisfied that was a voluntary plea and that you understood the legal rights you were giving up when you entered it. And I just don't see a basis to withdraw the plea. So the motion to withdraw the defendant's guilty plea in each of these files is denied."

[6] The following colloquy took place during the plea proceedings.

"The Court: Okay, prior to coming into court today have you had any alcohol or drugs or medicine of any kind which interferes with your ability to understand what's happening here?

"The Defendant: No, sir.

\* \* \*

"The Court: Once I accept your plea, you're not allowed to take it back unless there's a legal reason why the pleas should be withdrawn. . . . I haven't accepted your plea yet, but once I accept it, simply changing your mind about this is not enough to withdraw your plea. Do you understand that?

"The Defendant: Yes, I do.

"The Court: That's why I ask these questions so I am sure that I'm satisfied that you understand what you're getting into and also you understand exactly what the plea agreement entails. All right, do you still wish to plead guilty under the *Alford* doctrine to these charges here?

"The Defendant: Yes."

[7] The following colloquy took place during the plea proceedings.

"The Court: All right, do either lawyer know any reason why I should not accept the plea?

"[Defendant's Counsel]: No, Your Honor.

"[Assistant State's Attorney]: No, Your Honor.

"The Court: The plea is found to be voluntary and understandingly made with the assistance of competent counsel. There's a factual basis for the plea. The plea is accepted and a finding of guilty may enter."

the trial court's observations of the defendant during the plea canvass."[8] Moreover, "[i]n considering whether to hold an evidentiary hearing on a motion to withdraw a guilty plea the court may disregard any allegations of fact, whether contained in the motion or made in an offer of proof, which are either conclusory, vague or oblique." *State* v. *Torres*, supra, 182 Conn. 185. In the present case, the defendant failed to offer any factual support for his allegation that he was under the influence of medicine.[9] Thus, the defendant's allegations that he was under the influence of drugs and involuntarily entered into the plea agreement were conclusory and not supported by specific facts.

Our Supreme Court has held that a defendant's "bare assertion that he was using drugs and that he therefore did not understand the questions asked or the nature of the plea was insufficient for the court to have ordered an evidentiary hearing." *State* v. *Lloyd*, 199 Conn. 359, 363, 507 A.2d 992 (1986). In the present case, no evidence was offered to the trial court to support the defendant's allegations; the trial court was offered only the defendant's bare assertion that he was using drugs at the time of his plea agreements.

---

[8] The record reveals that the trial court was familiar with the defendant because the same trial judge had presided over the plea hearing and the motion to withdraw. The same judge also presided over a bond hearing, two days before the defendant's entry of his pleas, where the defendant personally addressed the court and persuaded it to lower his bond.

[9] At the hearing on the defendant's motion to withdraw his guilty plea, the defendant stated: "On August 16, 1996, when I was, when I plead guilty, Your Honor, I was coerced by Mr. Aspinwall. And I was on medication and I brought the records right here from the facility. I had an operation prior to that date and I was prescribed medication. So I wasn't actually in my right mind when I took the plea."

Although the defendant asserted that he was in possession of "records from the facility," no records of any kind were offered into evidence to support the defendant's claim. Moreover, no evidence of any kind was offered by the defendant or his counsel as to the date of the alleged operation, the type or amount of medication prescribed to the defendant and the possible effects of the prescribed medication.

After reviewing the record of the plea canvass and the proceedings on the motion to withdraw the defendant's guilty plea, we conclude that the trial court acted within its discretion in not holding an evidentiary hearing before ruling on the defendant's motion to withdraw his plea. The defendant's allegations that he was under the influence of drugs and involuntarily entered into the plea agreements are conclusory and are not supported by specific facts.

## II

The defendant next claims that the trial court inadequately advised the defendant as to the minimum sentences for the charges to which he pleaded guilty. The defendant argues that his plea agreement was not knowingly and voluntarily made and, therefore, he should be allowed to withdraw his guilty plea and proceed to trial. We disagree.

On appeal, the defendant claims that the trial court improperly failed to inform him that the one year mandatory minimum sentence that accompanied the crime of sexual assault in the first degree was not suspendable.[10] Further, the defendant argues that the trial court failed to inform him that the failure to appear charge to which he pleaded guilty required the imposition of a one year sentence.[11] The defendant concedes that this claim is not properly preserved for appellate review and seeks review pursuant to *State* v. *Evans*,

[10] General Statutes § 53a-70 (b) provides in relevant part: "Sexual assault in the first degree is a Class B felony for which one year of the sentence imposed may not be suspended or reduced by the court . . . ."

[11] General Statutes § 53a-172 (b) provides: "Failure to appear in the first degree is a class D felony."

General Statutes § 53a-35a provides in relevant part: "For any felony committed on or after July 1, 1981, the sentence of imprisonment shall be a definite sentence and the term shall be fixed by the court as follows . . . (7) for a class D felony, a term not less than one year nor more than five years . . . ."

165 Conn. 61, 70, 327 A.2d 576 (1973), *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), and the plain error doctrine.[12]

"The *Golding* court held that when a defendant fails to preserve his claim at trial he can prevail on that claim only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. . . . When any one of these conditions is not met, the defendant cannot prevail." (Citation omitted; internal quotation marks omitted.) *State* v. *Velez*, 30 Conn. App. 9, 20–21, 618 A.2d 1362, cert. denied, 225 Conn. 907, 621 A.2d 289 (1993).

"The first two questions relate to whether a defendant's claim is reviewable, and the last two relate to the substance of the actual review." (Internal quotation marks omitted.) *State* v. *Manfredi*, 17 Conn. App. 602, 621, 555 A.2d 436 (1989), aff'd, 213 Conn. 500, 569 A.2d 506, cert. denied, 498 U.S. 818, 111 S. Ct. 62, 112 L. Ed. 2d 37 (1990). In this case, the first prong of *Golding* is satisfied, as the record is adequate to review the alleged claim of error.

The defendant's claim that his plea agreement was not knowingly and voluntarily made because of the trial court's failure to advise him properly of mandatory minimum sentences is an appropriate claim for constitutional review pursuant to the *Golding* doctrine. See

---

[12] Practice Book § 60-5 provides in relevant part: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

*Stale* v. *Domian*, 35 Conn. App. 714, 719, 646 A.2d 940 (1994), aff'd, 235 Conn. 679, 668 A.2d 1333 (1996); see also *State* v. *Childree*, 189 Conn. 114, 119, 454 A.2d 1274 (1983). Because the defendant's claim is of constitutional magnitude and the record is adequate for review, we will review the claim. The defendant's claim, however, fails under the third requirement of *Golding*.

"A guilty plea is itself a conviction; *Boykin* v. *Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *Paulsen* v. *Manson*, 203 Conn. 484, 489, 525 A.2d 1315 (1987); and a defendant, when entering such a plea, waives several constitutional rights. *Boykin* v. *Alabama*, supra, 243; *McCarthy* v. *United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969); *Paulsen* v. *Manson*, supra [489]; *State* v. *Gilnite*, [202 Conn. 369, 381, 521 A.2d 547 (1987)]. First is the privilege against self-incrimination, second is the right to a jury trial, and third is the right to confront one's accusers. *Boykin* v. *Alabama*, supra [243]; *McCarthy* v. *United States*, supra [466]; *State* v. *Gilnite*, supra, 381 n.14. To ensure that a defendant is accorded due process, [therefore] the plea must be voluntarily and intelligently entered. *Boykin* v. *Alabama*, supra, 243 n.5; *McCarthy* v. *United States*, supra [466]; *Paulsen* v. *Manson*, supra [489]; *Oppel* v. *Lopes*, 200 Conn. 553, 556, 512 A.2d 888 (1986); *Stale* v. *Badgett*, [200 Conn. 412, 418, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986)]; *State* v. *Lopez*, 197 Conn. 337, 341–42, 497 A.2d 390 (1985). *State* v. *Wright*, 207 Conn. 276, 287, 542 A.2d 299 (1988)." (Internal quotation marks omitted.) *Slate* v. *Domian*, 235 Conn. 679, 686, 668 A.2d 1333 (1996).

"Because it cannot be presumed from a silent record that the decision to plead guilty was the product of the defendant's 'full understanding of what the plea connotes and of its consequence'; *Boykin* v. *Alabama*, supra, 395 U.S. 243-44; 'the federal constitution requires

that the record of the plea canvass indicate the voluntariness of any waiver of the three core constitutional rights [implicated by the guilty plea].' *State* v. *Badgett*, supra, 200 Conn. 418. To ensure that this constitutional requirement is satisfied, the trial court is obliged to comply with the dictates of Practice Book §§ 711 [now § 39-19] and 712 [now § 39-20],[13] which enumerate the responsibilities of the court in conducting the plea canvass. However, because the 'determination as to whether a plea has been knowingly and voluntarily entered entails an examination of all of the relevant circumstances'; *State* v. *Wright*, supra, 207 Conn. 287; the plea may satisfy constitutional requirements even in the absence of 'literal compliance with the prophylactic safeguards of Practice Book §§ 711 [now § 39-19] and 712 [now § 39-20].' *State* v. *Badgett*, supra, 418." *State* v. *Domian*, supra, 235 Conn. 686–87.

Thus, to discern whether the defendant's claims are sufficient to satisfy the third prong of the *Golding* test,

[13] Practice Book § 39-19 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he or she fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he or she has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he or she has the right to be tried by a jury or a judge and that at that trial defendant has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself."

Practice Book § 39-20 provides: "The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement. The judicial authority shall also inquire as to whether the defendant's willing-

we must determine "whether the defendant was aware of actual sentencing possibilities, and, if not, whether accurate information would have made any difference in his decision to enter a [guilty] plea." (Internal quotation marks omitted.) Id., 688. The defendant first claims that failure of the trial court to inform him that the one year minimum sentence for sexual assault could not be suspended interfered with the knowing nature of his plea. The defendant further maintains that the failure of the trial court to inform him of the one year mandatory minimum sentence for the failure to appear charge also interfered with the knowing nature of his plea.

At his plea canvass hearing, the trial court ensured that the defendant's plea was voluntary by personally addressing the defendant to ascertain whether he was under the influence of drugs or medication.[14] Next, the trial court ensured that the defendant had sufficient time to talk with his lawyer and to think about his decision to plead guilty. The trial court then informed the defendant of the elements of the crimes of sexual assault and failure to appear.[15] The trial court enumer-

ness to plead guilty or nolo contendere results from prior discussions between the prosecuting authority and the defendant or his or her counsel."

[14] See footnote 6.

[15] The trial court advised the defendant as to the charges as follows: "The charges that you pleaded to, sexual assault in the first degree, under our law, a person is guilty of sexual assault in the first degree when such a person compels another person to engage in sexual intercourse by the use of force against such other person or a third or by the threat of use of force against such other person or against the third person which reasonably causes such person to fear physical injury to such person or a third person. That offense is a class B felony and it carries a maximum sentence of twenty years imprisonment, one year of which is mandatory, and a maximum fine of up to $15,000. Failure to appear in the first degree prohibits someone from willingly failing to come to court when they are charged with the commission of a felony. A felony is an offense that carries a penalty of greater than one year and so the sexual assault in the first degree charge would qualify under a penalty under Connecticut law as wilfully failing to appear in court. When you're charged with a felony that is a class D felony which carries a maximum sentence of five years imprisonment and or a fine of up to $5000."

ated the rights that the defendant was giving up by pleading guilty to the charges and ensured that the guilty plea was of the defendant's own free will. The trial court also advised the defendant that "on these three charges, you could face as long as forty-five years imprisonment, one year of which would be mandatory . . . ." The trial court accepted the defendant's plea as knowing and voluntary, and found the plea to be supported by a factual basis.

We conclude that, even though the defendant was not specifically apprised of the mandatory minimum sentence for his failure to appear charge, nothing in the record or trial court proceedings suggests that the defendant was unaware of the actual sentencing possibilities in his case. Moreover, there is nothing in the record to indicate that any possible ambiguity in the record prejudiced the defendant. We conclude, therefore, that more information concerning the nonsuspendable one year minimum sentence for sexual assault and the one year minimum sentence for failure to appear would not have made any difference in the defendant's decision to enter a guilty plea. Therefore, we conclude that the alleged constitutional violation did not clearly exist and did not clearly deprive the defendant of a fair trial.

We next consider whether these issues are entitled to review under the plain error doctrine. The defendant argues, in the alternative to review under *Golding*, that plain error review is warranted. We disagree.

"Where a trial court's action does not result in any manifest injustice, a defendant's claim under the plain error doctrine does not warrant review. . . . Such review is reserved for truly extraordinary situations where the existence of the error is so obvious that it

affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) Id., 692. Plain error review is not warranted here because the defendant has failed to show that his guilty plea was not entered knowingly or voluntarily.

The judgments are affirmed.

In this opinion the other judges concurred.