STATE OF CONNECTICUT *v.* ANTHONY BOWDEN
(AC 18433)

Lavery, Landau and Daly, Js.

Argued January 26—officially released May 11, 1999

*Donald Dakers*, special public defender, for the appellant (defendant).

*Nancy L. Chupak*, deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Elizabeth Bodine*, assistant state's attorney, for the appellee (state).

*Opinion*

LAVERY, J. The defendant, Anthony Bowden, appeals from the judgments of conviction, rendered following his guilty plea, of two counts of larceny in the second degree in violation of General Statutes § 53a-123 (a) (3). On appeal, the defendant claims that the trial court improperly denied his oral motion to withdraw his guilty plea. Specifically, the defendant claims that the trial court violated General Statutes § 53a-60b (b) when it

accepted his guilty plea, and, as a result of this impropriety, the trial court (1) misinformed him of the maximum sentence to which he could be exposed, (2) misinformed him of the mandatory minimum sentence to which he could be exposed and (3) failed to advise him adequately of the nature of the charges to which he pleaded guilty. Because we agree with the defendant's first claim, we find it unnecessary to address his remaining claims.

The record discloses the following facts relevant to this appeal. The state and the defendant entered into an oral plea agreement whereby the defendant agreed to plead guilty under the *Alford* doctrine[1] to two counts of robbery in the third degree in violation of General Statutes § 53a-136 (a) and two counts of assault in the second degree of a victim age sixty or older in violation of § 53a-60b (a). In return, the state agreed to recommend a sentence of twenty years imprisonment, suspended after ten years, and to enter a nolle prosequi to the remaining charges. On February 4, 1998, at the plea canvass, in accordance with the plea agreement, the defendant pleaded guilty under the *Alford* doctrine to these four charges and accepted the trial court's recommendation of eleven years imprisonment.

After a brief recess, however, the trial court dismissed the defendant's guilty plea as to the two counts of robbery in the third degree and substituted two counts of larceny in the second degree in violation of § 53a-123 (a) (3). The trial court informed the defendant that if he was convicted of two counts of larceny in the second

---

[1] "*North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). A defendant pleading under the *Alford* doctrine neither admits his guilt nor protests his innocence. Instead, a defendant merely acknowledges that the state has evidence sufficient to obtain a conviction and therefore chooses to plead guilty in order to avoid the imposition of a possibly more serious punishment after trial." *State* v. *Ellis*, 39 Conn. App. 702, 703 n.2, 667 A.2d 556 (1995), cert. denied, 235 Conn. 940, 669 A.2d 577 (1996).

degree and two counts of assault of a victim sixty or older in the second degree, he could face a total of thirty years in jail of which four years could not be suspended and a $20,000 fine. The defendant pleaded guilty to two counts of larceny in the second degree and two counts of assault of a victim sixty or older in the second degree in return for a sentence of eleven years imprisonment.

On April 3, 1998, at the sentencing proceeding, the trial court vacated the defendant's guilty plea as to the two counts of assault of a victim sixty or older in the second degree and dismissed those two charges because § 53a-60b (b)[2] prohibits a defendant from being found guilty of both larceny in the second degree and assault of a victim sixty or older in the second degree where, as here, those charges arise out of the same incident. The trial court informed the defendant that if he was convicted of two counts of larceny in the second degree, he could face "a maximum penalty of twenty years."

On that same date, prior to the imposition of a sentence, the defendant moved to withdraw his guilty plea due to ineffective assistance of counsel. The trial court denied the defendant's motion. Standby counsel then claimed that, as a result of the trial court's decision to vacate the defendant's guilty plea as to the two counts of assault of a victim sixty or older in the second degree and to dismiss those charges, the defendant had been misinformed at the plea canvass of the maximum sentence to which he could be exposed.[3] The trial court

---

[2] General Statutes § 53a-60b (b) provides: "No person shall be found guilty of assault in the second degree or larceny in the second degree under section 53a-123 (a) (3) and assault of a victim sixty or older in the second degree upon the same incident of assault or larceny, as the case may be, but such person may be charged and prosecuted for all such offenses upon the same information."

[3] Standby counsel claimed: "[I]t does appear to me that there is some basis to claim that at the time that the defendant entered his guilty pleas

rejected that claim and sentenced the defendant to eleven years imprisonment. This appeal followed.

On appeal, the defendant claims that the trial court improperly denied his oral motion to withdraw his guilty plea because, prior to accepting his plea, the trial court misinformed him of the maximum possible sentence to which he could be exposed. We agree with the defendant and reverse the judgments of the trial court.

Our Supreme Court has stated that "once entered, a guilty plea cannot be withdrawn except by leave of the court, within its sound discretion, and a denial thereof is reversible only if it appears that there has been an abuse of discretion . . . and that [t]he burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty. . . . Those statements, however, apply only to the withdrawal of pleas which are valid in the first instance. . . . Before the imposition of a sentence the trial court is required to permit the withdrawal of a plea of guilty upon proof of any of the grounds set forth in Practice Book § 721 [now § 39-27].[4]" (Citations omitted; internal quotation marks omitted.) *State* v. *Collins*, 207 Conn. 590, 597, 542 A.2d 1131

on . . . the larceny second and the assault in the second degree counts, that he felt he was facing a higher amount of time on those charges than he ended up having to do, because of the realization subsequent that he could not be convicted in these cases of both assault in the second degree on a person over sixty and a crime of larceny in the second degree, theft from the person. So it does seem to me there is some claim that could be made, or a claim that could be made. . . . The amount of time he thought he was facing, initially, was thirty years rather than twenty years and that may very well have been the inducement to cause him to accept the agreed recommendation of eleven years."

[1] Practice Book § 39-27 provides: "The grounds for allowing the defendant to withdraw his or her plea of guilty after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Section 39-19;

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

"(3) The sentence exceeds that specified in a plea agreement which had

(1988). "One of these grounds is that '[t]he plea was accepted without substantial compliance with [Practice Book] § 711 [now § 39-19].' "[5] *State* v. *James*, 197 Conn. 358, 361, 497 A.2d 402 (1985); see Practice Book § 39-27 (1).

Practice Book § 39-19 provides in relevant part: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he or she fully understands . . . (4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction . . . ." Our Supreme Court has stated that "Practice Book § 711 (4), [now § 39-19 (4)] is an express recognition [t]hat the defendant's awareness of the maximum

been previously accepted, or in a plea agreement on which the judicial authority had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered;

"(4) The plea resulted from the denial of effective assistance of counsel;

"(5) There was no factual basis for the plea; or

"(6) The plea either was not entered by a person authorized to act for a corporate defendant or was not subsequently ratified by a corporate defendant."

[5] Practice Book § 39-19 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he or she fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he or she has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he or she has the right to be tried by a jury or a judge and that at that trial the defendant has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself."

sentence possible is an *essential* factor in determining whether to plead guilty . . . . The length of time a defendant may have to spend in prison is clearly crucial to a decision of whether or not to plead guilty. . . . Accordingly, Practice Book § 711 (4) require[s] that the court determine that the defendant fully understands those consequences." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *James*, supra, 197 Conn. 363; see *Rouillard* v. *Commissioner of Correction*, 35 Conn. App. 754, 756–57, 646 A.2d 948, cert. denied, 231 Conn. 945, 653 A.2d 827 (1994). We must determine whether the trial court's failure to inform the defendant accurately of the maximum possible sentence to which his plea exposed him fell below the standard that constitutes substantial compliance with Practice Book § 39-19 (4). See *State* v. *James*, supra, 362.

In *James*, the trial court failed to inform the defendant of the maximum possible penalty for the offense to which he pleaded guilty and, prior to the imposition of a sentence, the defendant moved to withdraw his guilty plea. Id., 360. The trial court denied the motion and the defendant appealed. Id. Our Supreme Court set aside the judgment of the trial court because the trial court did not substantially comply with Practice Book § 711 (4), now § 39-19 (4), when it failed to inform the defendant of the maximum possible sentence to which he was exposed, and there was no indication in the record that the defendant knew the potential maximum sentence. Id., 364–66.

In the present case, the state concedes that, prior to accepting the defendant's guilty plea, the trial court misinformed the defendant that he faced a maximum sentence of thirty years imprisonment when he faced a maximum sentence of only twenty years imprisonment.[6] Prior to the imposition of a sentence, counsel

[6] In its appellate brief, the state concedes: "It is true, in light of § 53a-60b (b)'s prohibition against finding a defendant guilty of both larceny in the

claimed that this error "may very well have been the inducement to cause [the defendant] to accept the agreed recommendation of eleven years." There is nothing in the record to indicate that the defendant had knowledge of the actual maximum sentence. The decision in *James* establishes that, in the present case, the trial court did not substantially comply with Practice Book § 39-19 (4) because it accepted the defendant's guilty plea without first determining that he was aware of and understood the potential maximum sentence to which he was exposed. As a result, the trial court's denial of the defendant's motion constituted reversible error.

Our analysis does not, however, end here. Relying on *State* v. *Domian*, 235 Conn. 679, 668 A.2d 1333 (1996), the trial court concluded that "whether it was four counts or two counts, the defendant, in my mind, would not have changed his plea. . . . [H]e wanted to accept the bargain of eleven years no matter how many counts were there, or what the counts were." We conclude that the trial court's reliance on *Domian* was misplaced.

In *Domian*, the defendant did not move to withdraw his guilty plea prior to the imposition of a sentence and claimed for the first time on appeal that the trial court had failed to comply with Practice Book § 711 (2), now § 39-19 (2). *State* v. *Domian*, supra, 235 Conn. 685. The defendant sought review of this unpreserved claim under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989),[7] or

second degree and assault in the second degree on a victim sixty or over, the trial court erred in combining the sentences for these charges and thus gave the defendant an incorrect sentence range."

[7] In *State* v. *Golding*, supra, 213 Conn. 239–40, our Supreme Court held that "a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt."

under the plain error doctrine.[8] *State* v. *Domian*, supra, 685. Our Supreme Court held that the trial court's failure to comply with Practice Book § 711 (2) did not constitute a constitutional violation entitling the defendant to relief under *Golding* and that this claim was not reviewable under the plain error doctrine. *State* v. *Domian*, supra, 692–93.

The decision in *Domian* is consistent with precedents in which this court or our Supreme Court have concluded that a defendant's unpreserved claim alleging noncompliance with Practice Book § 39-19 did not constitute a constitutional violation entitling the defendant to relief under *Golding*; *State* v. *Peterson*, 51 Conn. App. 645, 655–58, 725 A.2d 333, cert. denied, 248 Conn. 905, 731 A.2d 310 (1999); *State* v. *Dennis*, 30 Conn. App. 416, 424–25, 621 A.2d 292, cert. denied, 226 Conn. 901, 625 A.2d 1376 (1993); see also *State* v. *Wright*, 207 Conn. 276, 285–88, 542 A.2d 299 (1988); or the plain error doctrine. *State* v. *Wright*, supra, 288–89; *State* v. *Peterson*, supra, 658–59. The foregoing cases demonstrate that a defendant's failure to raise a claim of noncompliance with Practice Book § 39-19 in a timely manner imposes limitations on the scope of our review that do not exist where, as here, a defendant timely moves to withdraw his guilty plea prior to the imposition of a sentence. See *State* v. *Collins*, supra, 207 Conn. 598 ("[b]ecause this issue was raised in timely fashion at the defendant's sentencing hearing, it is properly before us without regard to the limitations of *State* v. *Evans*, [165 Conn. 61, 327 A.2d 576 (1973)]");[9] *State* v.

[8] "Where a trial court's action does not result in any manifest injustice, a defendant's claim under the plain error doctrine does not warrant review. . . . Such review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Citations omitted; internal quotation marks omitted.) *State* v. *Wright*, 207 Conn. 276, 288–89, 542 A.2d 299 (1988).

[9] In *State* v. *Golding*, supra, 213 Conn. 239–40, our Supreme Court reformulated the test for reviewing unpreserved claims that was set forth in *State*

*Velez*, 30 Conn. App. 9, 21–22, 618 A.2d 1362, cert. denied, 225 Conn. 907, 621 A.2d 289 (1993) ("[w]hile the trial court's . . . compliance with the provisions of Practice Book § 711 [now § 39-19] may be mandatory when challenged on direct appeal, that may not be the case when claimed under the *Evans-Golding* bypass doctrine, where the claim of noncompliance must be of constitutional magnitude").

In the present case, because the defendant timely moved to withdraw his guilty plea prior to the trial court's imposition of a sentence, our review of the trial court's denial of that motion is not restricted by the limitations imposed by *Golding* and the plain error doctrine. Instead, we reviewed the trial court's denial of the defendant's motion using the standard set forth in *State* v. *James*, supra, 197 Conn. 361–66. Having applied that standard to the record before us, we conclude that the trial court did not substantially comply with Practice Book § 39-19 (4) and, therefore, improperly denied the defendant's motion to withdraw his guilty plea.

The judgments are reversed and the case is remanded with direction to grant the defendant's motion to withdraw his guilty plea.

In this opinion the other judges concurred.

v. *Evans*, supra, 165 Conn. 70; see *State* v. *Velez*, 30 Conn. App. 9, 20, 618 A.2d 1362, cert. denied, 225 Conn. 907, 621 A.2d 289 (1993).